Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 Whether a party on the record, divested of all interest in the result of die suit, and therefore- unexceptionable on that ground, is a competent witness or not in the cause, can scarcely be regarded as an open question in this court, after what has already fallen from it.
 

 It is true, as stated by the counsel, in the argument, that in all the cases in which the question has arisen, the party was liable for the costs of suit, and therefore interested ; but whenever the. question has been presented, the language of the court has bpen uniform, that the witness was incompetent on the ground of his being a party on the record; De Wolf
 
 v.
 
 Johnson, 10 Wheaton, 367, 384
 
 ;
 
 Scott
 
 v.
 
 Lloyd, 12 Peters, 145; Stein
 
 v.
 
 Bowman et al., 13 Peters, 209.
 

 In Scott a. Lloyd the court referred to a case in 1 Peters’s C. C. R. 301, where-it had been held, that a party named on the record might be made a competent witness; by a release of his interest, and expressed its unqualified dissent; and in Stein
 
 v.
 
 Bowman et al. (13 Peters, 209), in winch Bowman, a party, had been admitted, the court, after noticing his liability for costs, remarked, that if he had been released, or a sum of monéy sufficient to cover the costs of suit brought into court, his competency would not have been restored.
 

 The exclusion is placed on the ground of policy, which forbids a party from being a witness in'his own cause, and that this would be the practical effect and operation of a rule of evidence, which would enable a party to qualify himself for a witness by releasing his interest in the Suit. Though nominally discharged by the- release, he would,-usually, be.the real and substantial party to the suit in feeling, if not in interest; thereby holding out to litigants temptations to perjury,, and to the manufacturing of witnesses, in the administration of justice.
 

 The question is one in respect to which different courts have entertained different opinions, and we admit that.the argument in. favor of the admission of the party, úpon the general' principles of evidence governing the competency of witnesses, is plausible, and not without force. But the tribunals which maintain the competency of the party, if divested: of interest, still hold that he cannot be compelled to testify, and, also, that he cannot be" .compelled to testify when called against.his interest; which, upon general principles, if consistently carried out and allowed to govern the question in the admission-of.the party, would lead them to an opposite result. They -should be compelled to testifyfor if the admission, is
 
 *95
 
 placed, as it undoubtedly is, upon principles applicable to the admission and rejection of witnesses generally, in the cause, and the party to be regarded as competent when without interest, or indifferent, or when called against his interest, then, like all other witnesses, he should be subject to the writ of'subpoena, and to the compulsory process of the court; and not left at liberty to withhold or bestow his- testimony at will.
 

 There cari be ho distinction in principle, in this respect, in favor of á party to the record, if allowed as a witness at all; and the only ground upon which the court can stop short of going the length indicated, is, by giving- up general principles, and placing itself upon policy and expediency,, as upon the whole best subservjpg, in the instances mentioned, the interests of justice, and of all concerned in its administration,'— a ground which has been supposed, by those holding a different opinion upon' the question, quite sufficient to justify the entire exclusion of the party;
 

 . But the witness in this case is also liable • to objection on the ground of interest. This suit was pending at the time he was declared a bankrupt and obtained his discharge ; and it is quite clear, if the defendants had eventually succeeded, the discharge would not have been a bar to his liability for the costs of' the suit. ''The. judgment would have been a debt accruing subsequent to .the- discharge, which could not have been proved under the act. Act of Congress, August 19, 1841, § 4 (5 Statutes at Large, 443) ; Haswell
 
 v.
 
 Thorogood, 7 Barn. and Cr. 705; Brough
 
 v.
 
 Adcock, 7 Bing. 650. His future effects, therefore, would have been liable.
 

 And even if the discharge could have operated in bar of his liability for the costs, the witness was still' interested to procure a recovery in favor of the plaintiffs, as it would to .increase the effects of his estate in the bands of the assignee, to the extent of his interest in the demand in suit, and to increase the surplus, if any, which would belong to him. -
 

 For this reason, a defendant, who has pleaded his certificate, ¡upon which a
 
 nolle prosequi
 
 has been entered by the plaintiff, is not a competent witness for his codefendant, without first releasing his interest in this fund. .' He would otherwise be interested in defeating a recovery of the demand, in suit, as he would thereby diminish the claims upon his joint and separate property, and thus increase the surplus, if. anyi in winding up .the estate. Butcher
 
 v.
 
 Forman, 6 Hill, 583; Aflalo
 
 v.
 
 Fourdrinier, 6 Bing. 306.
 

 On all these grounds we think the witness was incompetent; and that the deposition should have been rejected.
 

 It has been suggested that, the objection to the, witness came too late, and should have, been made before the commissioner and before the cross-examination. But the case shows that both parties were aware of .the legal objections-to his competency, and that the testimony.was. taken by an arrangement between them, for the pur
 
 *96
 
 pose of presenting the question to the court. . The coiinsel for the plaintiffs assumed, as is apparent from his interrogatories in chief, that the witness, was -incompetent on the ground of his being a party in interest} and took upon himself the burden of removing the objections. For this, purpose, he produced his discharge in bankruptcy, and on the 14th inst., put the question to him whether he had any interest in the suit, and if not} to tell hów it had ceased.
 

 The question suggested does not arise.in the case, and therefore it is unnecessary to examine it.
 

 For the above reasons-, .we think the court below erred, and that the judgment must be reversed, with a
 
 venire de novo.
 

 -Order.
 

 This, cause Came on to be heard on the transcript of the record from the District Court of the United • States for .the Northern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by. this court, that the judgment of the said District Court, in this cause, -be and the same, is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said District Court, with directions to; award, a
 
 venire facias de novo.