## MONONGAHELA NATIONAL BANK v. JACOBUS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF PENNSYLVANIA.

Submitted October 26th, 1883.—Decided October 19th, 1883.

*Executor and Administrator—Statutes—Witness.*

A creditor of A obtained judgment against him. He levied on capital stock in
a corporation claimed by B under an assignment from A, and in the orig-
inal suit summoned B as garnishee of A to answer.  Pending these
proceedings A died, and his administrator was substituted as defendant.  B
and the administrator were offered as witnesses on B's behalf in regard to
the transactions at the time of the assignment : *Held,* That each was a
competent witness on his own motion, notwithstanding the proviso in § 858
Rev. Stat., "That in actions by or against executors, administrators, or
guardians in which judgment may be rendered for or against them,
neither party shall be allowed to testify against the other as to any trans-
action with or statement by the testator, intestate, or ward unless called to
testify thereto by the opposite party or required to testify thereto by the
court."

Proceedings subsequent to judgment against a person as
garnishee, who claimed title to property taken on execution as
the defendant's property.  The facts are stated in the opinion
of the court.

*Mr. D. T. Watson* for the plaintiffs.

*Mr. Thomas C. Lazear* and *Mr. J. W. Douglas* for the
defendant.

Mr. JUSTICE HARLAN delivered the opinion of the court.

The plaintiff in error having recovered a judgment for
$9,056.12 against Alfred Patterson, in the Circuit Court of the
United States, for the Western District of Pennsylvania, caused
an execution attachment to be issued against the Fayette
County Railroad Company and Samuel H. Jacobus, the de-
fendant in error, attaching, as the property of Patterson, cer-
tain shares of the capital stock of that company, which stood
in the name of Jacobus.  The attachment was duly served
upon Patterson, Jacobus, and the railroad company.  The con-
trolling issue in the case is whether the stock was the property

of Alfred Patterson, and liable to be attached in satisfaction of the judgment against him. Jacobus claims that the stock became his property in virtue of an unrecorded assignment and transfer, for a valuable consideration, by Alfred Patterson prior to the rendition of that judgment; consequently, that it is not liable to the bank's attachment.

In the progress of the litigation Patterson died, and his administrator was substituted of record as party defendant.

The contention on the part of the bank is that the assignment was by an insolvent debtor in trust for certain preferred creditors, and that it must have been recorded in order to protect the stock from the attachment of judgment creditors; that of Jacobus is, that the assignment was made in consideration of his assumption of certain liabilities of the debtor, and without any intent upon the part of either himself or Patterson to hinder, delay, or defraud the creditors of the latter.

At the trial, Jacobus, a witness in his own behalf, was allowed, over the objections of plaintiff, to testify as to what took place between him and Patterson at the time the stock in question was assigned by the latter to the former. The administrator was also permitted, over the objection of the plaintiff, to prove —he being present on the occasion of the assignment—that the assumption by Jacobus of certain debts of Patterson's was in consideration, and on the faith, of the transfer of this stock. This testimony bore directly upon the controlling issue in the case between the bank and Jacobus.

Whether Jacobus and the administrator of Patterson were competent witnesses depends upon the construction of section 858 of the Revised Statutes, which provides that

" In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried : *Provided*, That in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party or required to testify thereto by the court."

In *Potter* v. *National Bank,* 102 U. S. 163, we held that in actions in which judgment may be rendered for or against an executor, administrator, or guardian, it is no objection to the competency of the witness that he is interested in the issue to be tried; because, in such cases, the statute excluded only parties to the record, that is, those who, according to the established rules of pleading and evidence, are parties to the issue. It is now argued by plaintiff in error that Jacobus, as well as the administrator of Alfred Patterson, are parties to the record, and, unless called by the court or the opposite party, are incompetent to testify as to any transactions or statements by the intestate.

We are of opinion that they were each competent as a witness on the issue between the bank and Jacobus, as to whether these shares of stock were the property of the latter, and subject to the former's attachment. The liability of Alfred Patterson to the bank had become fixed by the judgment against him for the debt. There can be no judgment against his estate in this action, by which the amount of the bank's claim can be increased, or whereby Patterson's estate can be released from liability in whole or in part. The real issue was between the bank and Jacobus, and, consequently, the case is within the first clause of section 858, which provides that "No witness shall be excluded . . . in any civil action because he is a party to or interested in the issue tried." Within the meaning and object of the proviso, this is not an action by or against an administrator, on which judgment may be rendered for or against him.

We are of opinion that there was no error in admitting Jacobus or the administrator of Patterson to testify on their own motion.

In reference to the merits of the case, we do not perceive that any error was committed by the circuit court. The jury were properly instructed as to the law of the case.

*The judgment is affirmed.*