## SNYDER *v.* FIEDLER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

No. 231.  Argued March 19, 1891. — Decided March 30, 1891.

The administratrix of her husband's estate commenced suit to recover a
claim alleged to be due the estate. She resigned and was discharged,
and an administrator *de bonis non* was appointed and qualified, and
appeared and obtained leave to prosecute the suit. *Held*, that she was
a competent witness for the plaintiff at the trial.

THE case is stated in the opinion.

*Mr. Joshua D. Ball* for plaintiffs in error. The court
declined to hear further argument.

*Mr. John P. Treadwell* appeared for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The present action was brought April 30, 1885, in the
Superior Court of Suffolk County, Massachusetts, by Marie
R. Liebsch, administratrix of the estate of Francis J. Liebsch,
her deceased husband, against the plaintiffs in error, adminis-
trators of the estate of C. Brown Snyder.  Its object was to
recover the sum of five thousand dollars alleged to have been
delivered October 15, 1876, by Francis J. Liebsch to C. Brown
Snyder, to be invested by the latter for the benefit of the for-
mer, but which the declaration alleged was never invested nor
accounted for nor repaid to said Liebsch.  The defendants
denied all the material allegations of the declaration.  The
case having been removed from the state court on their peti-
tion, upon the ground of the diverse citizenship of parties, was
docketed in the court below at its October term, 1885.

At a trial on the 9th of December, 1886, Marie R. Liebsch
was called as a witness in her own behalf, as party plaintiff,
to prove the delivery of the five thousand dollars to Snyder,

the circumstances of such delivery and his promises in relation thereto. Objection having been made to her competency as a witness to those facts, the case, on motion of plaintiff's counsel, was withdrawn from the jury and continued. Subsequently, December 13, 1886, Marie R. Liebsch tendered to the proper court her resignation of the office of administratrix. The resignation was accepted on the same day, and the defendant in error appointed administrator *de bonis non*. On the 1st day of June, 1887, Fiedler, as such administrator *de bonis non*, filed a written motion asking leave to come in and prosecute the action in place of Marie R. Liebsch, resigned. This motion was allowed by the court "as of December 13, 1886, by consent of both parties."

At the next trial Mrs. Liebsch was offered as a witness in behalf of Fiedler, administrator *de bonis non*, to testify against the defendants in respect to transactions of herself and husband with Snyder, and to statements by the latter to them tending to sustain the cause of action set out in the declaration. The defendants objected to her competency as a witness to prove such transactions and statements, unless called by them, or required to testify thereto by the court. The objection was overruled, and she was permitted to testify as to those transactions and statements. Her testimony was material and she was the only witness called by the plaintiff, except one who testified as to the administration proceedings. The plaintiff's counsel claimed at the trial that $1400 had been paid to Mrs. Liebsch by Snyder in his lifetime, but after the death of Francis J. Liebsch, and that this payment should be deducted. There was a verdict and judgment in favor of the plaintiff Fiedler, administrator *de bonis non*, for $6684.

In the courts of the United States no person can be excluded as a witness in a civil action by reason of being "a party to or interested in the issue tried," except "that in actions by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party or required to

testify thereto by the court." Rev. Stat. § 858; 12 Stat. c. 189, p. 588; 13 Stat. c. 210, § 3, p. 351; 13 Stat. c. 113, p. 533. This exception has no application in the present case. Upon the acceptance of Mrs. Liebsch's resignation as administratrix, and when the order was made allowing her successor, the administrator *de bonis non*, to prosecute the suit in her place, the action ceased to be one in which she was concerned as a "party," either within the meaning of the present statute, or within the rule, in force prior to its adoption, which excluded as a witness, without reference to his interest in the issue, one who was a party to the record. *De Wolf* v. *Johnson*, 10 Wheat. 367, 384; *Scott* v. *Lloyd*, 12 Pet. 145; *Stein* v. *Bowman*, 13 Pet. 209; *Bridges* v. *Armour*, 5 How. 91, 94. It is of no consequence that she stood upon the record as the original plaintiff who sought judgment against the personal representatives of Snyder. As she ceased before the final trial to be administratrix, and as no judgment could have been rendered in her favor, as administratrix, against the administrators of Snyder, she was competent, under the statute, to testify to any transaction with or statement by him relating to the matters in dispute. Her credibility, in view of all the circumstances, was for the jury. The result would not be different even if it had appeared that she was personally interested in the issue tried. *Potter* v. *National Bank*, 102 U. S. 163, 164.

*Judgment affirmed.*