## WITTE V. KOEPPEN.

1. Comp. Laws, § 5260, provides that no person shall be excluded as a witness, except (subdivision 2) that, in actions by or against executors, etc., neither party shall be allowed to testify against the other as to any transaction with, or statement of, deceased, etc. *Held*, that the word "party" is used technically, and it does not disqualify a witness that he is interested in the result.

2. A verdict on conflicting evidence will not be disturbed on appeal.

(Opinion filed June 26, 1899.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Christian F. H. Witte against Albert C. Koeppen, as administrator of the estate of C. F. H. Koeppen, deceased, to recover a money judgment. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

The testimony of the witness Christian Koeppen was incompetent. He was the original owner of the claim in suit and the fact that he assigned the claim will not bring his testimony out of the bar of the statute that prohibits either party to an action against an administrator testifying against the other as to any transaction with or statement by an intestate, unless called to testify thereto by the opposite party. And. Law Dict. 357; § 5260 Comp. Laws; Bank v. McDonnell, 6 So. 704; Pinney v. Orth, 88 N. Y. 452; Hutchinson v. Cleary, 55 N. W. 751; Gilman v. Baker, 41 Pac. 124; Buck v Patterson, 42 N. W. 949; Magenan v. Bell, 13 N. W. 277; Drew v. Simmons, 58 Ala. 463;

Sublet v. Hodges, 88 Ala. 493; Goodlet v. Kelley, 74 Ala. 213;
Texas v. Chiles, 21 Wall. 488; Manning v. Clark, 40 Fed. 124;
Eslava v. Mazange, 1 Woods, 638.

*Keith & Warren*, for respondent.

The testimony of the witness Koeppen was admissible, he
not being a party to this action. McRea v. Holcomb, 46 Ark.
310; Stanley v. Wilkerson, 39 S. W. 6043; Bunker v. Taylor, 74
N. W. 450; Chadwick v. Cornish, 1 N. W. 55; Crimmins v. Crim-
mins, 10 Atl. 800; Voss v. King, 10 S. E. 402; Johnson v. John-
son, 3 N. W. 661; Bellows v. Litchfield, 48 N. W. 1062; Cahalan
v. Cahalan, 48 N. W. 724; Parker v. Maxwell, 53 N. W. 754;
Lobdell v. Lobdell, 36 N. Y. 327; Cary v. White, 59 N. Y. 339;
Grange Warehouse Association v. Owen, 7 S. W. 457; McBrien
v. Martin, 9 S. W. 201; St. John v. Lofland, 64 N. W. 930; Pot-
ter v. Bank, 102 U. S. 163; Berry v. Sawyer, 19 Fed. 286; Sny-
der v. Fielder, 139 U. S. 478; Monongahela Bank v. Jacobus,
109 U. S. 275; Grange Warehouse Association v. Owen, 7 S. W.
457; McBrien v. Martin, 9 S. W. 201.

CORSON, P. J.   This is an action by the plaintiff, as assig-
nee of Christian F. Koeppen, to recover of the defendant, as
the administrator of the estate of Christian F. H. Koeppen, de-
ceased, the sum of $8,000. The plaintiff recovered judgment
for the sum of $3,700, and from this judgment and order deny-
ing a new trial the defendant appealed to this court. Christian
F. Koeppen, the assignor of plaintiff, was the father of Chris-
tian F. H. Koeppen, deceased, and claims to have intrusted
to his son, in his lifetime, the sum of $8,000, to be invested by
him in the name of him, the said Christian F. Koeppen, during
the years 1891 to 1895, inclusive. In March 1898, soon after

the death of his said son, the said Christian F. Koeppen duly
made out his claim and account for said moneys so claimed to
have been intrusted to the care of his son, and on the same day,
by an instrument in writing, assigned said claim and account
to the plaintiff in this action, who thereupon brought this ac-
tion to recover the amount so claimed to be due.   The father,
Christian F. Koeppen, took no written evidence from his son
of the moneys so claimed to have been intrusted to him, except
as to the sum of $1,000, which was allowed by the administra-
tor, and is not the subject of controversy in this action.   On
the trial, Christian F. Koeppen, plaintiff's assignor, was called
as a witness on behalf of the plaintiff.   His evidence as to the
delivery of certain sums of money to his son was objected to
on the ground, among others, "that the witness is not compe-
tent to testify as to any transaction had or any conversation
with the intestate or statement by the intestate; and for the
further reason that it appears from the testimony that the wit-
ness is a party in interest in this suit, and that it is prosecuted
in his behalf, and that the same rules of testimony apply as if
he were a party to the suit; and for the further reason that
the witness, by assigning his claim to the plaintiff, cannot
make himself competent to testify, for the reason that he would
be incompetent to testify if he had brought this suit himself."
It is quite clear that, had Christian F. Koeppen been the plaint-
iff in this action, his testimony would have been inadmissible,
under the provisions of Section 5260, Comp. Laws.   And the
important question is presented as to whether or not, having
assigned his claim to Witte, the party plaintiff, he is competent
to testify as to transactions between himself and deceased
in this action.   Comp. Laws, § 5260, provides:   "That no per-

son offered as a witness in an action * * * shall be ex-
cluded * * * except as hereinafter provided.". The second
exception found in Subdivision 2 of the section is the one ap-
plicable to this case, and reads as follows: "In civil actions or
proceedings by or against executors, administrators, heirs at
law, or next of kin, in which judgment may be rendered or or-
der entered, for or against them, neither party shall be allowed
to testify against the other, as to any transaction whatever
with, or statement by, the testator or intestate, unless called to
testify thereto by. the opposite party." It will be observed
that by the first clause of the section no person offered as a
witness shall be excluded, except as therein provided, and that
by the exception it is only the parties who are excluded from
testifying in the action; that is, "neither party shall be allowed
to testify against the other." While it is conceded by appellant
that the witness was not technically a party, he insists that he
is beneficially interested, and comes within the spirit of the
statute excluding a party from being a witness. This court
held in Bunker v. Taylor, 10 S. D. 526, 74 N. W. 450, following
the decision of the supreme court of the United States in Potter
v. Bank, 102 U. S. 163, that the witnesses excluded by the pro-
viso are those only who are technically parties to the issues to
be tried, and do not include those who are not parties, though
they have an interest in the result of the issue. It seems to be
well settled that when the enacting clause is general in its
language and objects, and a proviso is afterwards introduced,
such proviso should be construed strictly, and takes no case
out of the enacting clause which does not fall fairly within its
terms; and those who set up such exception must establish it as
being within the words, as well as within the reason thereof.

U. S. v. Dickson, 15 Pet. 141; McRae v. Holcomb, 46 Ark. 306; Snyder v. Fiedler, 139 U. S. 478, 11 Sup. Ct. 583. Substantially the same rule is laid down in Lobdell v. Lobdell, 36 N. Y. 327. In that case the court of appeals of New York said: "Although it may be said that a party standing in the relation in which he does ought to have been excluded, for he has the same advantage over the plaintiff, as a witness, as his father would have had if living, and standing as defendant, still, unless the section can be construed so as to exclude him, the legislature, and not the court, must rectify the omission. It will not suffice to say that the case is within the spirit of the enactment, unless a fair construction of the enactment will bring it within the enactment itself. The subject of the enactment is allowance of the parties to be witnesses in their behalf, and the object is to provide generally for their examination as witnesses, and, the specific exception to such examination the legislature having undertaken to provide, the courts cannot allow any that are not specified by the legislature." Crimmins v. Crimmins (N. J. Ch.) 10 Atl. 800; Voss v. King (W. Va.) 10 S. E. 402; St. John v. Lofland, 5 N. D. 140, 64 N. W. 930. And, so far as our researches have extended, we find that, in states having a statute similar to our own, the exception has been limited to parties to the record. Berry v. Sawyer, 19 Fed. 286; Stanley v. Wilkerson (Ark.) 39 S. W. 1043. See, also, cases heretofore cited. This court is not at liberty to disregard the plain and express terms of the statute upon any theory as to its spirit, or what it ought or that the legislature might have intended it to be, when the statute is plain and unambiguous, as courts are not permitted to search for its meaning beyond the statute itself. Cooley, Const. Lim. 5457. The able argument of counsel

for the appellant, in which they contend that, as Christian F. Koeppen was interested in the result of this suit, as they claim, he should have been excluded as a witness, would be more properly addressed to the legislature than to this court. We are clearly of the opinion, therefore, that the learned circuit court correctly overruled the defendant's objection to the testimony offered.

It is further contended on the part of appellant that the evidence offered by plaintiff was insufficient to justify the verdict. We are of the opinion, however, after a careful review of the evidence, that it is sufficient to justify the verdict of the jury. In Jeansch v. Lewis, 1 S. D. 609, 42 N. W. 128, this court held that "where, in a case tried before a jury, the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict, without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain his case." The case under consideration comes within the rule laid down. The judgment of the court below and order denying a new trial are affirmed.