BUNKER *et al.* v. TAYLOR *et al.*

1. Under Code Civ. Proc. (section 4881, Comp. Laws), providing that no action shall abate by the death or other disability of a party if the cause of action survive or continue, but in case of death or other disability the court, on motion, may allow the action to be continued by or against his representatives or successor in interest, administrators appointed after the death of an executrix, who have commenced action on a note belonging to the estate, are the executrix's "successors in interest," and hence may be substitutued in her place.

2. Under Code Civ. Proc. § 6102, providing that where the person on whom the service of summons is to be made cannot be found within the state and that fact appears by affidavit to the satisfaction of the court, such court may grant an order that the service be made by publication, where such person is not a resident of the state, but has property therein etc., it is not sufficient that it be made to appear satisfactorily to the court that a party has property in this state at the time of the order

13 S. D.—28

for publication, but the fact must exist, in order that the court may have jurisdiction of the subject of the action.

3. In a collateral attack on proceedings, the judgment based on an affidavit for the publication of the summons is *prima facie* evidence that the defendant had property in this state at the time the order for publication was made as required by Code Civ. Proc. § 6102, providing that service by publication may be made where defendant is not a resident of this state, but has property therein; and the court has jurisdiction of the subject of the action.

4. Where an executrix dies pending an action commenced by her, and administrators are substituted in her place, service on a defendant, who had not been served before, by a summons in which the administrators are substituted for the deceased executrix, and which notifies defendant that the action was originally commenced in the executrix's name, and that the administrators were substituted in her place is sufficient.

5. Under Code Civ, Proc. (section 5260, subd. 2 Comp. Laws, providing that neither party in civil actions by or against executors or administrators shall be allowed to testify against the other as to any transaction whatever with, or statement by, the testator or intestate, unless called by the opposite party, a defendant in an action by an administrator cannot testify in favor of his co-defendant, though he was not a party to any issue, having made no appearance, but allowed judgment to be taken against him by default.

(Opinion filed August, 29 1900.)

Appeal from circuit court, Yankton county.    Hon. E. G. SMITH, Judge.

Action by George V. Bunker and others, administrators of James V. Bunker, deceased, substituted by order of court in place of Lucy M. Bunker, deceased, against C. B. Taylor and Maris Taylor, on a note.   From a judgment for plaintiffs, Maris Taylor appeals.   Affirmed.

The facts are stated in the opinion.

*R. B. Tripp,* for appellant,

There is no relation of privity at common law between an executor or administrator and an administrator *de bonis non.* Craves v. Flowers, 51 Ala. 402; 23 Am. Dec. 555; Alsop v. Mather, 8 Conn. 584; Grout v. Chamberlain, 4 Mass. 611; Brown v. Pendergast, 7 Allen 428; Allen v. Irwin, 1 S. & R. 549; Freeman on Judg. 3rd Ed. § 163; Chaquette v. Orlet, 60 Cal. 600; Wetzler v. Fitch, 52 Cal. 638; Saffold v. Banks, 69 Ga. 289; Portevaul v. Pendelton, 23 Miss 25; Merrill v. Merrill, 92 N. C. 657; Gormly v. Skinner, Wright (Ohio), 680.

*C. J, B. Harris*, and *French & Orvis*, for respondent.

Where an executor brings a suit and dies, an admistrator with the will annexed can be substituted on motion. Wood v. Flynn, 30 Hun. 444; Moore v. Hamilton, 44 N. Y.; Livermore v. Barnbridge, 43 How. Pr. 272.

CORSON, J. ' This was an action originally commenced by Lucy M. Bunker. as executrix of the estate of James V. Bunker, deceased. Since the commencement of the action, the executrix, Lucy M. Bunker, has died, and on motion George V. Bunker, William I. Bunker, and Samuel F. Bunker, administrators of the estate of James V. Bunker, deceased, have been substituted as plaintiffs in place of Lucy M. Bunker, executrix, deceased. The action was brought upon a promissory note executed by C. B. Taylor and Maris Taylor to said James V. Bunker, deceased. On the trial the defendant Maris Taylor moved the court to dismiss the action for the reason that the present administrators have no legal right to maintain the same. The death of Lucy M. Bunker, executrix, who commenced the action, is admitted, and the appointment of the three persons named as administrators was shown by the rec-

ords of the county court of Yankton county, and their due appointment is virtually conceded by the appellant. In addition to these proofs and facts admitted, the substitution of the parties named was made upon consent of the attorney for the appellant, Maris Taylor. It is, however contended on the part of the appellant that the administrators of the estate, appointed subsequently to the death of the executrix, cannot, under the provisions of our Code, be substituted in place of such executrix, and that the action must, therefore, necessarily abate. Without considering at this time the effect of the written consent and request that the three administrators should be substituted, made by the attorney for the appellant, we shall proceed to discuss the question of their substitution under the provisions of the Code of Civil Procedure of this state. Section 4881, Comp Laws, provides: "No action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death, or other disability of a party, the court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued by or against his representatives or successor in interest." It will be observed that it is declared that "no action shall abate * * * if the cause of action survive or continue." This action being to recover the amount due upon a promissory note, no question of the survival of the cause of action can be raised. It will also be observed that in case of the death or other disability of a party the court may allow the action to be continued by or against his representatives or successor in interest. The theory of the counsel for the defendants is that the administrators appointed upon the death of the

executrix were not her representatives or successors in interest, but we cannot agree with counsel in this theory. The suit commenced by the executrix was for the benefit of the estate, and all money collected by her in the action would have been assets of the estate of James V. Bunker, deceased. She therefore had no personal interest in the action, and was prosecuting it simply as the representative of the Bunker estate. Upon her death the administrators named were appointed as her successors to manage and control, under the direction of the county court, the assets of the estate. In contemplation of law it is the estate itself that is the real party in interest in the action. As before stated, all moneys collected by the proceedings would become assets of the estate, and such assets, when unadministered upon by the deceased executrix, would pass to the administrators appointed by the county court. Possibly, by the former system, under which the rights and powers of administrators and executors were essentially different from those possessed by administrators under the present system, such an action may have abated upon the death of an executor; but no such rule seems to obtain under the modern system. In the early case in New York of Bain v. Pine, 1 Hill 615, decided in 1841, it was held that, though one who succeeds another in the administration of an estate may continue a suit commenced by his predecessor, he cannot be compelled to do so against his will. In that case Nancy Bain was appointed administratrix with the will annexed of Peter Bain, deceased. She died, and administration *de bonis non* with the will annexed of Peter Bain, deceased, was granted to Silas Brown. The defendant moved for a rule substituting Silas Brown, administrator, etc., as plaintiff, in place of Nancy Bain, deceased, and that the suit

proceed in the name of said Brown.   This motion was opposed
by the administrator, Brown, and the court, speaking by BRON-
SON, J., says:   "The object of the statute to which the counsel
refers was to prevent an abatement where the new representa-
tive chooses to come in and continue the suit.   Brown, who
has succeeded Mrs. Bain in the administration, might have tak-
en her place, and gone on with the action;  but we think he has
an election, and cannot be compelled to do so against his will."
It will be seen that the learned judge in that case assumes that
Brown, as the successor of Mrs. Bain, might have taken her
place, and gone on with the action.   We have not the section of
the statute referred to before us, but think we may assume,
from the language used, that it was substantially the same as
the statute of this state, as the subsequent Code of New York
contains sections substantially the same as those we are now
considering.   In Wood v. Flynn, 30 Hun. 444, the supreme
court of New York held that an action brought by a sole sur-
viving executor, who has died, may be revived, and an admin-
istrator with the will annexed be substituted in place of the
deceased executor, and the court may direct that his name be
substituted in the record and pleadings, and that the pleadings,
proceedings, and evidence already had and taken may stand
as the pleadings, proceedings, and evidence in the action so
revived.   Section 757 of the Code of Civil Procedure of New
York, under which that decision was made, reads as follows:
"In case of the death of a sole plaintiff, or of a sole defendant,
if the cause of action survives or continues, the court must,
upon a motion, allow or compel the action to be continued, by
or against his representative, or successor in interest."   In
that case the court says:   "This section provides a summary

remedy in such cases, and seems to have been intended to direct the continuance of the action upon the original pleadings in the name of the substituted party, plaintiff or defendant, or as the case may be. There would seem no occasion for supplemental issues, because the whole business, by this section, is to be entertained on motion. It was intended that, if any reason for supplemental issues, existed, it should be disclosed on the motion." It will be noticed that that section, while not containing all the provisions contained in section 4881 of our Code, is substantially the same as the portion of that section heretofore quoted. The term "successor in interest," as used in our section of the Code, is very broad and comprehensive, and, in our opinion, includes the administrator of an estate appointed in the place of a deceased executor. The only interest that the executor has in the estate is to collect the assets for the benefit of the estate. Upon the executor's death the administrator appointed is vested with precisely the same interest, namely, to collect the assets of the estate, and hold them for the benefit of the creditors, devisees, legatees, and heirs, and he is, therefore, the successor of the deceased executor. We have not deemed it necessary to review the cases cited, as in our view of the case, the statute is susceptible of but one construction as applicable to cases of this character. We are of the opinion that whenever the action brought by the administrator or executor is for the benefit of the estate only, and such administrator or executor dies pending the action, the administrator appointed to succeed him is, within the meaning of the statute, his successor in the action, and such administrator is the successor in interest of the deceased administrator or executor. Snyder v. Fiedler, 139 U. S. 478, 11 Sup. Ct. 583, 35 L. Ed. 218.

On the trial the defendant offered in evidence the deposition of C. B. Taylor taken in 1896 in Memphis, Tenn. Portions of the evidence tending to prove payment made by C. B. Taylor to James v. Bunker, deceased, during his lifetime, were excluded, apparently upon the ground that C. B. Taylor was a party to the action. This same evidence was excluded on the former trial, and the ruling of the court was reversed on the ground that C. B. Taylor was not a party to the action, as he had not then been served with the summons, either personally or by publication. The case is reported in 10 S. D. 526, 74 N. W. 450. Before the second trial, plaintiffs attempted to serve the summons upon said C. B. Taylor by publication, and by personal service upon him without the state; and respondents contend that, having so served him, he became a party to the action, and that his testimony as to transactions between himself and the deceased, James V. Bunker, was properly excluded. The appellant, on the other hand, contends that the proceedings constituting the alleged service of summons were irregular, and were not such as to make C. B. Taylor a party to the action. The defendant Maris Taylor claims, first, that the affidavit for the publication of the summons was insufficient, in that it did not specify the particular property of which the said Taylor was the owner, or which he had within the state. The affidavit for the publication of the summons is not set out in the record, but it is asserted in appellant's abstract—and this seems to be admitted by the respondents—that the only statement showing that C. B. Taylor had property in this state is contained in the affidavit of Samuel F. Bunker, made in the attachment proceedings, in which he states that C. B. Taylor "is not a resident of South Dakota, but has personal property

in Yankton county, in said state." In the additional abstract of the respondents it is stated that this affidavit of Samuel F. Bunker for the writ of attachment was one of the affidavits upon which the court granted the order for the publication of the summons. As this is a collateral attack upon the proceeding, we are inclined to take the view that the judgment of the court, based upon the affidavit for the publication of the summons, must be held *prima facia* evidence of the fact that C. B. Taylor had property in this state at the time the order for the publication of the summons was made, which might be subjected to the payment of such judgment. This being so, it would logically follow that C. B. Taylor was, by such service of the summons by publication, made a party to the action. The section of the Code under which the proceedings for the publication of the summons was had reads as follows:. "Where the person upon whom the service of the summons is to be made cannot, after due diligence, be found within the territory, and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this territory, such court or judge may grant an order that the service be made by the publication of a summons in either of the following cases:   *   *   * 3. Where he is not a resident of this territory, but has property therein, and the court has jurisdiction of the subject of the action." Under the provisions of this section it is not sufficient that it be made satisfactorily to appear to the court that a party has property in this state, but the fact must exist that the party so served has property within the state, in order that

the court may have jurisdiction of the subject of the action. But the finding of the court that a party has property within this state is *prima facie* sufficient to establish the fact where the proceedings are collaterally attacked. In Fiske v. Anderson, 33 Barb. 71, the construction to be given to the statute of New York, of which ours is substantially a copy, was very fully considered. The court says: "As I understand the Code (Section 135), the courts of this state have no jurisdiction to order service of summons on a nonresident defendant by publication, unless such defendant has property within the state when the order is made. It is not sufficient that it be made to appear to the satisfaction of the court or judge, by affidavit, that such is the fact; nor that it be sworn to in the most positive terms, or by any number of affiants, but the fact must exist. The defendant must have property here, or the court can have no jurisdiction to make the order; and this question of jurisdiction may be at any time raised by the defendant. If the court had not jurisdiction to make the order for service by publication in this action, the judgment is void." Mr. Justice HOGEBOOM concurring, uses the following language: "The jurisdiction of the court to make the order of publication depends upon the existence in point of fact of one of the five different cases or contingencies in which alone publication can be ordered. The existence of these it is not for the judge granting the order to determine, upon an *ex parte* application, in such a way as to bar or conclude the defendant. He has had no opportunity to be heard upon this question, and Section 135 makes the jurisdiction to depend, not upon the judge who grants the order being satisfied of the fact, but upon the existence of the fact itself. I incline to think the affidavit produced to the officer

who makes the order, if incorporated in the judgment roll, or the recital of the fact in the judgment roll itself, is sufficient *prima facie* evidence of the fact; but it is a jurisdictional fact, and is open to contestation, unless the party has had an opportunity to controvert it. When that has been done, it becomes thereby an established fact, and is not open to examination afterwards, except upon a direct review of the proceeding." The findings and judgment are not set out in the abstract, and we must presume, in favor of the judgment of the court below, that the court did in fact find that the defendant C. B. Taylor had property in this state subject to levy and attachment and sale under execution at the time the order of publication was made, which, as we have seen, would constitute *prima facie* evidence that such fact did exist. Whether or not the proceedings are sufficient to sustain the judgment on a direct attack by the defendant C. B. Taylor is not necessary now to be decided.

Again, it is contended on the part of the appellant that the summons in this action which was ordered published, and which was personally served upon the defendant without the state, was not the summons originally issued in the action in which Lucy M. Bunker was plaintiff, but was a new summons, issued after the three persons named as plaintiffs were substituted for the said Lucy M. Bunker, and that, therefore, the order of publication and the service of summons were void. But we cannot agree with the appellant in this contention. The summons which was served upon C. B. Taylor was substantially in the following form: "George V. Bunker, William I. Bunker, and Samuel F. Bunker, substituted as plaintiffs by order of the court in place of Lucy M. Bunker, deceased v. C

B. Taylor and Maris Taylor, defendants." By this summons the defendant C. B. Taylor was notified that the action was originally commenced in the name of Lucy M. Bunker, and that the persons named were substituted in her place as plaintiffs; and in the body of the summons the defendant is notified that the complaint in the action was filed in the office of the clerk of the circuit court in and for said Yankton county, at the city of Yankton, S. D., on the 23d day of January, 1897. In view of the fact that Lucy M. Bunker had died before the service of the summons upon the defendant C. B. Taylor, and that the three persons named as plaintiffs had been substituted in her place by order of the court, it is not easy to perceive in what other manner the summons served upon C. B. Taylor could have been entitled. After the death of Lucy M. Bunker and the substitution of the three adminstrators, it certainly would not have been good practice to have served the summons originally issued in the action; and we are of the opinion that the method adopted, showing, as it did, the death of the original plaintiff, and the substitution of the three administrators as plaintiffs, was the correct one.

This brings us to the important question, did these proceedings have the effect of making C. B. Taylor a party to the action? Sub-division 2 of Section 5260, Comp. Laws, relating to the admissibility of evidence, provides: "In civil actions or proceedings by or against executors, administrators,   *   *   *   neither party shall be allowed to testify against the other, as to any transaction whatever with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party." This subdivision, as was stated in the former opinion, contains exceptions to the general rule laid down in

.the first part of the section, and it is therein provided that, "neither party shall be allowed to testify against the other," etc.    It is contended on the part of the appellant that, assuming that the proceedings were regular as against the defendant C. B. Taylor, he was not a party to any issue in the action, as he made no appearance, and judgment was taken against him by default, and therefore his testimony was admissible in favor of his co-defendant Maris Taylor, the appellant herein.    But it will be observed that in the section of the statute referred to the term "party to the issue" is not used, but the language is "party to the action."    The first part of the section provides that "no person offered as a witness in any action    *    *    * shall be excluded or excused by reason of such person's interest in the event of the action,    *    *    *    or because such person is a party thereto," and in the exception in subdivision 2 the language is "neither party shall be allowed," etc.    The contention, therefore, that C. B. Taylor is not a party to any issue in the case cannot render him competent as a witness so long as he is a party to the action.    In Section 858, Rev. St. U. S., referred to in the former opinion, the language used is: "In the courts of the United States no witness shall be excluded in any civil action because he is a party to or interested in the issue tried:    provided, that neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, unless called to testify thereto by the opposite party," etc.    In the supreme court of the United States it is held that to exclude a party as a witness he must be a party to the issue tried, and hence that court has held that, where a defendant suffers default, he is not a party to the issue tried, and is competent as a witness,    Bank v. Jacobus, 109 U.

S. 275, 3 Sup. Ct. 219, 27 L. Ed. 935. The same view was taken by that learned court in Snyder v. Fiedler, *supra.* But, as we have seen, in the section of our Code referred to the term "issue" is not used, but only the term "party." The writer of this opinion inadvertently stated in the opinion in Witte v. Koeppen, 11 S. D. 598. 79 N. W. 831, "that this court held in Bunker v. Taylor, 10 S. D. 526. 74 N. W. 450, that the witnesses excluded by the proviso are those only who are technically parties to the issue to be tried"; the term "issue," there used, not being correct. While there seems to be no good reason for excluding the evidence of C. B. Taylor, he not having appeared in the action, and having filed no answer therein, still we are of the opinion he was a party within the meaning of the section, and by its terms is excluded from giving evidence of any transaction between himself and the deceased, James V. Bunker, and his evidence was, therefore, properly excluded by the trial court. It may be that, in view of the defects appearing in this section, it might properly be revised by the lawmaking power of the state; but such revision is not within the scope of the powers of this court. There are other questions discussed by counsel, which have not been overlooked, but we do not deem it necessary to give them further attention in this opinion. The judgment of the court below and the order denying a new trial are affirmed.