### COUGHRAN v. GERMAIN *et al.*

1. In a proceeding to set aside a judgment, it appeared that the two defendants were non-residents; that service had been by publication; that the cause of action was a joint and several note executed by defendants; that on affidavit and an order of court finding "that the defendants, or one of them," had property in the jurisdiction of the court, the property had been attached and sold to satisfy the judgment. Both defendants joined in the motion to vacate the judgment, without offering any evidence as to the ownership of the property affected by the judgment, and there was nothing in or aliunde the record to contradict the finding of the court. Held, that the finding of the court was prima facie evidence that the defendants, or one of them, owned the property.

2. Where defendants are jointly and severally liable on a note on which judgment had been rendered against them in a state other than that of

their domicile, service being by publication, making the validity of the judgment depend on the defendants having property in the jurisdiction of the court, a finding that "defendants, or one of them, has property within the jurisdiction of the court," is sufficient to sustain the validity of the judgment. Corson, J. dissenting.

(Opinion filed Dec. 29, 1903.)

On rehearing. Former opinion 15 S. D. 77 (87 N. W. 527) adhered to, and order below reversed.

Haney, P. J. The complaint in this action, which was duly verified, and which states a cause of action founded on a joint and several promissory note executed by the defendants, was filed February 5, 1896. On the same day certain real property in Minnehaha county was attached "as the property of the defendants." An order for service by publication having been made, the summons was personally served on each of the defendants in the state of Minnesota, each of whom defaulted; and on March 18, 1896, a judgment was rendered wherein it was ordered and adjudged "that the plaintiff, E. W. Coughran, have and recover of the defendants, Charles R. Germain and Harta E. Germain, the sum of $322.87, besides the sum of $26.30, costs and disbursements, amounting in the aggregate to the sum of $349.17." Thereafter execution was issued, the attached realty was sold, and the same was purchased by the plaintiff. In September, 1899, the plaintiff was served with the following notice: "To E. W. Coughran, the Above-Named Plaintiff, and Charles L. Brockway, His Attorney; You will please take notice that the above-named defendants, appearing especially for that purpose, and limiting their appearance to the purpose of this motion only, will on Monday, the 2d day of October, 1899, at 9 o'clock a. m. of that

day, or as soon thereafter as counsel can be heard, move the court at the circuit court room, at the courthouse in the city of Sioux Falls, in said county of Minnehaha, to set aside the judgment in the above entitled action, dated March 18, 1896, and all proceedings subsequent thereto, for the reason that no personal service of the summons and complaint was made upon the defendants, or either of them, within the state, and the affidavit for the publication of the summons upon which the order for the service of the summons by publication was made does not state the facts necessary to give the court jurisdiction to make said order, and the court never obtained jurisdiction of the person of said defendants. Said motion will be made upon the affidavit for the publication of summons and all the files and proceedings in said action." On the hearing of this motion, an order vacating, annulling and setting aside the judgment and all proceedings in the action, taken after its rendition, was entered. On plaintiff's appeal therefrom, such order was reversed. Cochran v. Germain, 15 S. D. 77, 87 N. W. 527. Subsequently a rehearing was granted.

Adhering to the conclusion reached by a majority of the court in its former decision, to the effect that the circuit court was justified, when making the order for publication, in finding that a cause of action existed, and that the defendants could not, after due diligence, be found within the state, more extended consideration will be given the contention that the judgment is void because it does not appear on the face of the record that the defendants had property within the state.

In discussing this branch of the case, it must be assumed that a joint and several obligation arising from contract was owing from the nonresident defendants to the resident plaintiff,

Every state owes protection to its own citizens. This state, through its tribunals, may subject property situated within its limits, owned by nonresidents, to the payment of the demands of its own citizens against them; and the exercise of this juris·diction in no respect infringes on the sovereignty of the state where the owners are domiciled. It is in virtue of the state's jurisdiction over the property of the nonresident situated within its limits that its tribunals can inquire into the nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. If the nonresident have no property in the state there is nothing upon which the tribunals can adjudicate. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In this class of cases though the court is without jurisdiction, unless the fact that the nonresident has property in the state exists, its finding to that effect is prima facie evidence of the fact where the proceeding is collaterally attacked. Bunker v. Taylor, 13 S. D. 433, 83 N. W. 555. Whether the attack in this case be termed direct or collateral, the ruling of the court below on the motion to vacate involved precisely the same question that would have been presented, had the judgment been offered in evidence on the trial of another action. Defendants' motion made "upon the affidavit for the publication of summons and all the files and proceedings in the action," on the sole ground that the court was without jurisdiction, did not invoke the exercise of discretion, as where one seeks to have a default set aside; nor did it require or authorize the review of any mere irregularities or errors. It asserted that the judgment was void. By that assertion it must stand or fall. If the court was without jurisdiction to render the judgment it did, such judgment is a

nullity, whenever and however attacked. If the court possesses jurisdiction, its judgment, however erroneous, must be sustained on this appeal. Coughran v. Markley, 15 S. D. 37, 87 N. W. 2. Both defendants joined in the motion to vacate, without offering any evidence as to the ownership of the property affected by the judgment. Therefore the validity of the judgment, depending as it does on the existence of the fact of ownership, must be determined alone from an inspection of the record upon which the motion to vacate was made. The judgment itself contains no reference to the property. The order for publication of the summons finds, in the language of the affidavit, "that the defendants, or one of them, has real property in the county of Minnehaha and state of South Dakota, within the jurisdiction of this court, and that the plaintiff has caused the same to be levied upon under a warrant of attachment, duly issued out of this court." There being nothing in or aliunde the record to the contrary, the fact is established, for the purposes of this appeal, that the attached property, which was within the state, was owned by the defendants, or one of them. If it was owned by both defendants, it was certainly subject to the payment of plaintiff's claim. If it was owned by either of them it was as certainly subject to such payment, because the obligation was joint and several. Whether owned by one or both, the property, being within the state, was within the control of the court for the purpose of enforcing an obligation which both defendants were jointly, and each was severally, bound to perform. In the face of the fact that the property did belong to one of the defendants, can this court say that it belonged to neither? If not, the process of the court seized only what was lawfully subject

to sale in satisfaction of plaintiff's claim. Suppose it now appeared that the attached property was owned by Charles Germain alone; should the judgment be vacated even as to Harta? We think not. The law respects form less than substance. It neither does nor requires idle acts. Rev. Civ. Code, §§ 2427, 2431. Though personal in form, the judgment in this case is binding on either defendant only to the extent of his or her interest in the attached property. The proceeding is essentially one in rem. It is, in substance, merely an adjudication to the effect that certain described property, in the custody of the court, owned by one or both of two jointly and severally obligated nonresident debtors, shall be subjected to the extinguishment of their obligation. Beyond this, the judgment has no effect whatever. If either of the defendants did not own the property, he or she is not harmed in the slightest degree. The only vital question is whether the attached property was subject to the payment of the plaintiff's debt. It certainly was, if it was owned by either of the defendants, and the fact established by this record is that it was owned by one of them, at least.

Attention is called by argument of counsel to Brettell v. Deffenbach, 6 S. D. 21, 60 N. W. 167. When that case was decided, the court prepared the headnotes to its decisions, to which resort should be had in determining what abstract principles were understood to be established. The third paragraph of the syllabus is as follows: "In an action against joint claimants and purported owners of real estate to obtain the exclusive possession of and title thereto, a judgment by default, granting such relief, and quieting the title to such property in plaintiff as against the defendants jointly, one of whom was never

served nor appeared in the action, is erroneous, and should be set aside on motion." That there is a substantial distinction between erroneous and void judgments is too well established to require the citation of authorities. In Brettell v. Deffenbach, the court, dealing with a motion to open a default, made within the year, determined that a certain personal judgment was erroneous, while in the case at bar we decide that a proceeding in rem is not void on its face. The two cases are clearly distinguishable.

Reaffirming our former decision in this action, the order appealed from is reversed.

CORSON, J., dissenting.