# LEONORA FAJARDO DE SALAZAR ET AL.

*v.*

# FRANCISCO COSTA.

BILL TO REDEEM MORTGAGED PROPERTY—PLEADINGS—EVIDENCE—TESTI-
MONY AS TO—TRANSACTION WITH DEAD AGENT.

1. When facts charged in a bill are positively denied by answer under oath, and the complainant supports them by but one witness, the bill will be dismissed; but otherwise if by two or more witnesses, or by one witness and corroborating circumstances. An answer not under oath is merely denial,—a pleading. Undisputed facts need not be proven; and a complainant, in order to get the benefit of an admission of a certain fact, is not required to admit everything in the answer.

2. Under § 858, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 659), all parties and persons are competent witnesses in a civil action, save that in actions by or against executors, administrators, or guardians a party to the suit shall not testify against them as to any transaction with or statement by the testator, intestate, or ward, unless called to do so by them.

April 1, 1904.

*Mr. C. M. Boerman* for complainants.

*Mr. H. F. Hord* for defendant.

HOLT, Judge, delivered the following opinion:

This is a bill to redeem mortgaged property. The right of the complainant Leonora Fajardo de Salazar to do so has been heretofore adjudged, and it now remains to be determined what

is owing upon the mortgage. The case, for this purpose, has been to a master, and is now submitted on exceptions to his report and in chief. In August, 1885, one Pedro Salazar mortgaged a house and lot in Ponce to one Vidal for 10,000 pesos. The mortgagor died in September, 1887, and his son Pedro Salazar inherited the property.

The complainant Leonora Fajardo de Salazar, on June 21, 1902, being then the widow of Leonor Fajardo, bought the property subject to the mortgage, which, on July 24th, 1901, had been sold by Vidal to the defendant, Francisco Costa, and upon which it was agreed there was then due as of that date 7,000 pesos with interest at 9 per cent per annum, payable semiannually. The complainant Leonora Fajardo de Salazar, having, in the meantime, married the complainant Ermelindo Salazar, brought this suit on February 5th, 1902, claiming that she had paid the mortgage debt save about $500, which she was willing and ready to pay upon the cancelation of the mortgage; but that the defendant was refusing to do this, and was claiming that the money which had been paid had been properly credited by him upon a large debt due him from the former firm of Ermelindo and Pedro Salazar & Company, of which firm her husband was a member.

It appears the complainant was financially able to make the payments, and she testifies that her husband received the money from her with which the payments were made by her direction. The only other witnesses in the case are her husband and the defendant, Francisco Costa. The payments were made by the husband, Ermelindo Salazar, to one Francisco Roubert, as the agent of Francisco Costa, and it is shown Roubert is dead.

The defendant, Costa, claims the entire 7,000 pesos with interest owing. He testifies he received moneys at different times from his agent, Roubert, exactly how much he is unable to

Fajardo de Salazar v. Costa.

state; but that he was given no information by his agent as to the debt upon which they were to be applied and that he credited them upon the one bearing the highest rate of interest. If both debts had been owing by Ermelindo Salazar, and it had been his money, such application, in the absence of direction from him as to the credit would have been proper, because it is a rule of the civil law that, in the absence of direction from the debtor as to the application of a payment where several debts are owing by the same person it shall be applied by the creditor upon the one which is the most onerous upon the debtor. It is certain, however, that the mortgage debt was not that of the husband, and that his wife furnished the means to make the payments. It is claimed, however, that it is not shown by sufficient or competent evidence that they were made upon the mortgage debt, and that therefore the complainant should not be allowed credit by them; and the exceptions to the master's report make this question; and also that the evidence of Ermelindo Salazar is incompetent. Whether paid upon one debt or the other, strangely no receipts were given; but it is claimed the payments were made, and this is conceded.

It is a rule in equity that if the facts charged in a bill are positively denied by an answer under oath, and the complainant supports them by but one witness, the bill will be dismissed; but if supported by two or more witnesses, or by one only with corroborating circumstances equivalent to another witness, this will not be done. Vigel v. Hopp, 104 U. S. 441, 26 L. ed. 765; Morrison v. Durr, 122 U. S. 518, 30 L. ed. 1225, 7 Sup. Ct. Rep. 1215.

When there is but one witness to the fact as against a sworn answer that is responsive, there must, at least, be other corroborating evidence.

The answer, however, in this case is not under oath. The

bill expressly waived it; and an answer not under oath is but a denial; it is merely a pleading, similar to the general issue at law, and merely puts the complainant on proof.

The determination of this case, therefore, depends upon whether Ermelindo Salazar was a competent witness to prove on what debt the payments were made. Connected with it, however, it may be stated that the making of the payments is substantially admitted in both the pleading and the testimony of the defendant. It is urged that if the admission of the payments in the answer is to be considered, its entire averments must be taken as true, and therefore the bill be dismissed, because the answer avers that the payments were made upon the debt due by E. and P. Salazar & Company. The portion of the answer as to the payments is, however, responsive to the bill, while that averring they were paid on another debt is a defense by way of avoidance. Those facts to which the parties agree by their pleadings need not be proven, because they are undisputed; and it does not seem reasonable to require that a complainant, in order to get the benefit of the admission of a certain specific fact, must admit all that may be averred in an answer.

Even if the answer were under oath, there are corroborating circumstances sufficient to support the complainant's claim, provided the evidence of Ermelindo Salazar be competent. After proving upon his main examination the making of the payments, which is substantially admitted, the defendant, upon cross-examination, had him state what he said to Roubert, the defendant's agent, when he made the payments; then, after suffering him to answer, the defendant objected to it upon the ground that the agent was dead. The defendant also asked the witness if, when the payments were made, he gave any written direction upon what debt they were to be credited; the answer being,—

Fajardo de Salazar v. Cosca.

no written but verbal direction. Aside, however, from the question whether in these respects the defendant did not make him his witness, the objection that he was incompetent because the transaction was with an agent who is dead is not well founded. This is the only objection to the competency of his evidence.

Originally, at common law, every person who was interested in a suit was excluded as a witness. This rule has been changed, and all persons, whether parties to the suit or interested in the issue, are competent witnesses, saving any exception which is a creature of the statute. By § 858, United States Revised Statutes (U. S. Comp. Stat. 1901, p. 659), all persons are made witnesses in a civil action, whether interested in the issue or a party to the record, save in actions by or against executors, administrators, or guardians a party to the suit shall not testify against the other as to any transaction with ·or statement by the testator, the intestate, or the ward, unless called to do so by the adverse party or by the court; the exception is limited to suits by or against executors, administrators, or guardians. This is not such an action. Potter v. Third Nat. Bank, 102 U. S. 163, 26 L. ed. 111; King v. Worthington, 104 U. S. 44, 26 L. ed. 652; Monongahela Nat. Bank v. Jacobus, 109 U. S. 275, 27 L. ed. 935, 3 Sup. Ct. Rep. 219.

Ermelindo Salazar is but a nominal party to this action. The deceased, the agent Roubert, was but an agent of the defendant.

It is urged that death having sealed the lips of one party to the transaction, the lips of the other should not be opened. Reasons pro and con exist for such an exception or rule, but the United States statute does not make it, only in the case above stated.

The master was, therefore, correct in considering this testimony. He has filed two reports, the last one giving some ad-

Fajardo de Salazar v. Costa.

ditional credits. He reports that if interest is only to be counted upon the balance due to April 12th, 1897, there is but $443.26 due the defendant upon his mortgage; and this appears to be the opinion of the master. It is based upon the testimony of the complainant's agent that there was then an offer by letter to defendant to pay the balance, and a response by letter; but neither is offered in evidence. The testimony was incompetent, and in any event there was no tender of any balance due.

The defendant is, therefore, entitled to interest upon the amount due him to the present time. The report of the master is to this extent corrected. The debt was to bear 9 per cent, this interest to be due semiannually. It is considered equitable to the parties to estimate it at this rate, although the interest from the time it matured would only bear 6 per cent.

Upon this basis the defendant is entitled to 1,249, 54 pesos, or $749.72; and it is adjudged that upon payment of this sum, on or before May 1st, 1904, to him or his attorney of record, or, in the event of their refusal to receive it, to the clerk of this court to be deposited in its registry, the complainant Leonora Fajardo de Salazar will be entitled to a further judgment canceling said mortgage as of this date, with direction to the proper registrar to enter the same or a reconveyance of the mortgage property to her by the defendant, or the execution of such writings as may be necessary for the cancelation of said mortgage in the proper registry.

The injunction heretofore granted herein is made perpetual; and, in view of the fact that the complainant is yet indebted upon the mortgage, and also that the defendant contested proper credits, it is further adjudged in lieu of all previous orders relative thereto, that each party pay his own costs herein; and the cause is continued for any further proper order.