PIPKIN et al. v. TUER et al. (No. 5488.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1915. Rehearing Denied June 23, 1915.)

WITNESSES ⬅139—COMPETENCY—PARTIES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, declares that neither party shall be allowed to testify as to any transaction with, or statement by, the testator, intestate, or ward, unless called by the opposite party, and that this provision shall apply to actions by or against the heirs or representatives of a decedent, arising out of any such transaction with the decedent. The heirs of a payee of a note sued the makers. The representative of one of the makers set up that he was only an indorser and had been discharged by an unauthorized extension. Such representative also prayed judgment over against the other maker. Held that, though such other maker confessed judgment, he was still a party to the suit and incompetent to testify in behalf of his codefendant.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 582-597; Dec. Dig. ⬅139.]

Appeal from Liberty County Court; I. B. Simmons, Judge.

Action by L. Tuer and others against S. W. Pipkin and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Marshall & Harrison, of Liberty, for appellants. B. F. Lewis, of Houston, for appellees.

FLY, C. J. Appellees, heirs of William Tuer, deceased, instituted suit on a promissory note for $600, executed by C. F. Stevens and William L. Douglass to William Tuer, against C. F. Stevens, Stephen W. Pipkin, independent executor of the will of W. L. Douglass, deceased, and Sam Cameron and Mrs. Mattie Davis, the only devisees of said Douglass. Appellants answered that W. L. Douglass was merely a surety on the note of which C. F. Stevens was the maker; that the note had been extended by William Tuer and Stevens without the knowledge or consent of Douglass. They prayed for judgment over against C. F. Stevens. The case was tried without a jury and judgment rendered in favor of appellees for the full amount of the balance of the principal, interest, and attorney's fees, and for the same amount against Stevens in favor of appellants.

During the trial appellants sought to prove by C. F. Stevens, that W. L. Douglass was a surety on the note, and that in April, 1911, it was agreed between William Tuer and Stevens that payment of the note would be extended for a year if Stevens paid the in-

terest; that the latter paid the interest; and that said extension was made without the knowledge or consent of W. L. Douglass. Objection was sustained to the testimony on the ground that Stevens was a party to the suit and could not testify as to transactions with William Tuer, deceased. C. F. Stevens then said he would confess judgment, and then appellants again sought to prove by him the facts set forth, but the court again excluded the evidence. It is the contention of appellants that C. F. Stevens, not having filed an answer and having confessed judgment, was not a party to the suit, within the purview of article 3690, Vernon's Sayles. That article provides:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify * * * by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Stevens was undoubtedly a party to the suit, not only through the pleadings of appellees, but through the cross-action of appellants, and the case was one of the class described by the statute. Stevens could not be called by his codefendants to testify as to matters inhibited by the statute, while he was a party to the suit. Alexander v. Lewis, 47 Tex. 481. After his confession of his indebtedness, he was still a party to the suit and laboring under the same disqualification. He was never dismissed from the suit and is a party to it up to this good hour. His testimony was just as objectionable before he admitted his indebtedness, about which there was no dispute, as it was before he made the admission, and his confession did not remove him from the suit. Miller v. Montgomery, 78 N. Y. 282; Church v. Howard, 79 N. Y. 415; Bunker v. Taylor, 13 S. D. 433, 83 N. W. 555. In the last-named case the decision was made in regard to a statute almost identical with the Texas statute, and it was held that a person was not stripped of his character as a party by a default judgment.

The judgment is affirmed.