Gertrude Webb, Administratrix of Estate of William
D. Webb, Deceased, Appellee, v. The Willett Com-
pany, Appellant.

Gen. No. 41,436.

Opinion filed April 15,
1941.

BURT A. CROWE and CASSELS, POTTER & BENTLEY,
both of Chicago, for appellant; KENNETH B. HAWKINS
and WILLIAM S. WARFIELD, III, both of Chicago, and
BURT A. CROWE, of counsel.

KROHN & MACDONALD and SIDNEY ROTHBLATT, both of Chicago, for appellee; STUART B. KROHN and IAN P. MACDONALD, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An action brought by the Administratrix of the Estate of William D. Webb, deceased, for damages to his widow and two sons for the wrongful death of plaintiff's intestate as a result of an automobile accident on September 11, 1937. The suit was originally commenced against The Willett Company, a corporation, and John Krett, an employee of that Company and the driver of a truck belonging to The Willett Company that collided with the automobile of plaintiff's intestate. There was a trial before Judge CUMMINGS and a jury and at the close of all the evidence the court directed the jury to find The Willett Company not guilty. The case was submitted to the jury as to the defendant Krett and a verdict was returned finding him guilty and assessing plaintiff's damages at $10,000. Judgment was entered upon the verdict against Krett and execution was taken out and returned unsatisfied March 1, 1939. Plaintiff appealed from the judgment entered in favor of The Willett Company. *Krett did not appeal from the judgment entered against him.* The only question involved in that appeal was, Was Krett at the time of the accident a servant or agent of The Willett Company. We held that there was evidence that fairly tended to prove that Krett at the time of the accident was acting within the scope of his authority as a servant and employee of The Willett Company and that the trial court erred in directing a verdict for that Company, and we reversed the judgment in favor of the Company and remanded the cause for a new trial. (See *Webb v. Willett Co.,* 304 Ill. App. 260. Abstract opinion.)

There was a second trial of the cause, before Judge MICHAEL FEINBERG and a jury, with The Willett Company as sole defendant, and a verdict was returned in favor of plaintiff and her damages against The Willett Company were assessed at $10,000. The Company appeals.

The complaint charged The Willett Company and John Krett with negligence; also wilful and wanton conduct in the operation of the truck. The defendants filed separate answers. The Willett Company denied the charges of negligence and wilfulness, admitted the ownership of the truck and that Krett at the time in question was driving the same, but denied that he was its agent or servant acting in the course of his employment, and denied that he was subject to any orders, supervision or control of The Willett Company at the said time. Krett denied the allegations of negligence and wilfulness, admitted that The Willett Company owned the truck and that he was operating it at the time of the accident, denied that before and at the time of the accident he was the agent or servant of The Willett Company, and denied that he was at that time acting in the course of his employment and subject to any orders, supervision or control of that Company. During the first trial plaintiff dismissed the charge of wilfulness as to both defendants.

Upon the second trial plaintiff's theory of the case was the same as upon the first trial, viz., that her intestate was driving his automobile north on Damen avenue in a careful manner and at a speed of about twenty to twenty-five miles an hour and that while he was crossing Blue Island avenue where it intersects Damen avenue, at approximately a right angle, the right rear part of the automobile was struck by the front end of a truck belonging to The Willett Company as it was being driven by Krett in a southwesterly direction, in a negligent manner; that Krett at the time and place in question was an agent or servant of The Willett

Company and acting in the course and scope of his employment for that Company.

Defendant's theory was that the truck was not driven by an agent or servant of defendant acting in the course and scope of his employment, but that the truck was taken by Krett from a parking lot across the street from the main offices of defendant at 700 South Des Plaines street, Chicago, without the knowledge, permission or consent of defendant, and that at the time of the accident Krett was not on any business of the Company but was on his way to meet his brother at 3800 West 26th street.

Defendant contends that the court erred in refusing to admit competent and relevant testimony offered by it. It called John Krett as a witness in its behalf. Plaintiff objected to Krett's testifying on the ground that she was suing as an administratrix and that Krett was not a competent witness by virtue of section 2 of the Evidence Act. The court sustained the objection, whereupon defendant's counsel offered to prove by Krett, if the latter were permitted to testify, that he was a washer at the garage of the Company at 700 South Des Plaines street; that he knew and had been told that the Company had a rule and regulation in force before and at the time of the accident that no employee, including himself, was permitted or allowed to take any truck or motor equipment from the Company garage or premises for any purpose, unless given permission by the night superintendent or foreman, and unless the number of the equipment was obtained so that it might be checked against him, for the purposes of the Company's business; that on the afternoon of September 10, 1937, Krett was told by a friend that his younger brother, who had run away from home five years previously, was to be at 3800 West 26th street at about two o'clock in the morning, and that Krett, because he had been partly responsible for the boy's running away, was intent upon locating his

brother and persuading him to return home; that about 1:30 on the morning of the accident Krett, without the knowledge, permission or consent of anyone connected with the Company, went to the parking lot opposite the garage at 700 South Des Plaines street, got into a truck belonging to defendant and started for 3800 West 26th street for the purpose of finding his brother; that he was not engaged at the time of the accident and prior thereto in any business for the Company; was not operating the truck in furtherance of any business for it, and had not been directed to go to any other garage and at the time had no work to do at any other garage, but that this trip was solely for the purpose of locating his brother; that after leaving the garage with the truck he stopped on Halsted street, had a cup of coffee, and then proceeded southwest until he reached Blue Island avenue, and that the accident happened at the intersection of Damen avenue and Blue Island avenue. The offer also contained proposed testimony of the witness as to the manner in which the accident occurred. Counsel for defendant argued to the trial court that Krett, in the second trial, was a competent witness inasmuch as in the first trial there was a final judgment rendered against Krett for $10,000 from which no appeal was taken; that Krett was not a party to the suit upon the second trial and had no right to control the proceedings, to interpose objections or to control the trial in any way, nor would he have the right to take an appeal from any judgment entered in the case; that any interest that he had in the case originally had been definitely determined by reason of the judgment in the first trial and that any result of the second trial, in which the Company was the sole defendant, would not affect Krett's interest one way or the other. The trial court sustained the objection of plaintiff's counsel to the offer.

Section 2 of ''An Act in regard to evidence and depositions in civil cases,'' Ill. Rev. Stat, 1939, ch. 51,

par. 2 [Jones Ill. Stats. Ann. 107.068], reads as follows: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, . . . when any adverse party sues or defends as the . . . administrator . . . of any deceased person . . . unless when called as a witness by such adverse party so suing or defending . . . ." Plaintiff, in her brief, states "that the basis upon which the testimony of the codefendant, John Krett, was incompetent, was *not* predicated upon the question of his *interest* but *was* predicated *solely* upon the fact that *he was an adverse party in a law suit prosecuted by the administratrix of a deceased estate.*" In the foregoing statement the able counsel for plaintiff makes no concession upon the question of Krett's interest for under the ruling in the well known case of *Feitl v. Chicago City Ry. Co.,* 211 Ill. 279, *even if Krett were still an employee of defendant at the time of the second trial,* nevertheless, if he were not a party to the suit he might testify for his employer in a suit by the administratrix against the employer, as the employee is not so "directly interested in the event of the suit" within the meaning of section 2 of the Evidence Act as to disqualify him as a witness. As a matter of fact Krett was discharged after the accident and was never thereafter an employee of The Willett Company.

Because of plaintiff's statement of her position, we are called upon to decide only one question, viz., Was Krett a party to the action upon the second trial of the case. Plaintiff contends that "the mere entry of a judgment against him [Krett], as co-defendant, without dismissing the action as to him, did *not* terminate his status as a party." Defendant states, "The competency of a defendant, against whom a final judgment has been rendered in a suit for wrongful death, to testify on behalf of a co-defendant in a subsequent

trial against the co-defendant alone, has never been passed upon by our Supreme or Appellate Courts. The question, however, has been before the reviewing courts of other States which have held in accordance with our contention that such a witness is competent and should be permitted to testify. These decisions hold that the incompetency is removed by the prior judgment in the same manner as though the suit had been dismissed or never commenced against the defendant called as a witness.'' Plaintiff contends that the case of *Langley v. Dodsworth,* 81 Ill. 86, is precisely in point and supports her contention that Krett was not a competent witness under section 2 of the Evidence Act. We are unable to give that effect to the *Langley* case. To quote from the opinion therein (p. 87):

''This was assumpsit . . . brought by the executors of John Dodsworth, deceased, against John C. Crabtree, James Langley and Presley A. Rosenberger, on a promissory note made to John Dodsworth. *Default was taken against Crabtree and Rosenberger,* and Langley pleaded that he executed the note as surety for Crabtree, for his accommodation, and, afterwards, Crabtree applied to Dodsworth to extend the time of payment, which Dodsworth agreed to do, and contracted to extend the time of payment one year if Crabtree would pay one year's interest in advance and procure Rosenberger as additional security, all which was done, and all without the knowledge or consent of Langley.

''This plea was traversed and issue joined. Langley filed another plea, substantially the same as the foregoing, omitting the averment of an agreement by Crabtree to pay one year's interest in advance. This plea was also traversed and issue joined.

''The jury found for the plaintiff, assessing the damages at five hundred and thirteen dollars and five

cents, for which judgment was rendered. The defendant Langley appeals.

"Appellant's case was made out, as he insists, by the testimony of Crabtree, one of the defendants, *who had been defaulted*. An objection was made to the admissibility of his testimony, by the plaintiffs, which was overruled and exception taken.

"We have no doubt Crabtree was not a competent witness for the defendant. He was a party defendant himself, the plaintiffs suing in a fiduciary character, as executors, and came within the interdict of section 2, chapter 51, title 'Evidence and Depositions,' R. S. 1874, p. 488. *Boynton v. Phelps,* 52 Ill. 219; *Merrill v. Atkin,* 59 id. 19." (Italics ours.)

It appears, therefore, that there was merely a default taken against Crabtree and Rosenberger. It is elementary law that a defendant who has been merely defaulted is still a party to the suit. As stated in *Cairo & St. L. R. R. Co. v. Holbrook,* 72 Ill. 419, 422: "The defendant's rights were not wholly foreclosed by the default. While the default admits every material allegation of the declaration, still, it does not admit the amount of damages. The defendant, on the execution of the writ of inquiry before the court, could not introduce evidence tending to show that plaintiff had no cause of action, but would have the right to cross-examine plaintiff's witnesses and introduce witnesses on its part on the question of damages, ask for instructions as to the proper measure of damages, and preserve the rulings of the court by bill of exceptions. *Chicago and Rock Island Railroad Co. v. Ward,* 16 Ill. 522; *Cook v. Skelton,* 20 Ill. 107." Krett, of course, had no such rights in the second trial. Plaintiff also cites in support of her position *Pipkin v. Tuer,* 177 S. W. 983, decided by the Court of Civil Appeals of Texas; also, *Genet v. Lawyer,* 61 Barb. (N. Y.) 211, 223, 224; *Greely v. Willey,* 71 N. H. 240; *Jenks v. Opp,*

43 Ind. 108, 110; and *Scherer v. Ingerman,* 110 Ind. 428, 443. None of these cases is in point. Defendant cites two cases from sister States, *Clinton Sav. Bank v. Underhill,* 115 Iowa 292, and *Chase v. Pitman,* 69 N. H. 423, in support of its position. While these cases seem to support defendant's position, we do not deem it necessary to rely upon decisions of the courts of other States in determining the question before us. Two Illinois cases appear to have a bearing upon the instant question: In *Rann v. Rann,* 95 Ill. 433, Patrick, Thomas and James Rann purchased certain farm lands for their joint use and had an oral agreement or understanding as to how the property was to be divided. Patrick disappeared and after he had been absent several years Thomas and James took over or appropriated to themselves what would have been Patrick's share under the agreement. James died. Thereafter Patrick returned and filed his suit against Thomas and the widow and heirs of James to recover his share of the farm lands. Thomas permitted a decree to be entered against him *pro confesso.* The complainant then called Thomas as a witness and the widow and heirs of James objected to Thomas' testifying upon the ground that he was interested in the event of the suit and was therefore disqualified under the statute. The Supreme Court in passing upon the question stated (p. 439):

"It is urged that Thomas Rann was interested in the event of the suit, and was, therefore, disqualified to testify against the heirs of his brother James. We are wholly unable to see that he had the slightest interest. He permitted the bill to be taken *pro confesso* against himself, and thereby admitted that he should convey to appellee the portion of appellee's land which had been conveyed to him. We are totally at a loss to see in what possible manner he could promote his interest, if the forty James held of appellee's land is conveyed to him. If the witness had been claiming the

land under a cross-bill, then his interest would be apparent; but no such interest appears on this record. His evidence was properly received, and must be considered. The cases referred to as holding that parties in interest can not testify, were decided prior to the adoption of the act of 1867 removing disabilities of witnesses on account of interest, and they can, therefore, have no application in this case. Their pertinency to the case is not perceived."

While it is true that the competency of the witness, Thomas, was determined upon the question as to whether or not he was any longer interested in the cause, nevertheless, the decision in that regard was based upon the fact that the witness had allowed a decree to be taken *pro confesso* against himself, which fact the court considered had removed his incompetency to testify for the plaintiff against the administratrix.

In the case of *Wuebbles v. Shea,* 294 Ill. App. 157, the administratrix sued two defendants, Pat Shea and Smith Lamar. At the close of plaintiff's evidence and also at the close of all of the evidence Lamar moved the court for a directed verdict in his favor but both motions were denied. The Appellate Court held that where a person sues or defends in a representative capacity a party interested in the outcome of the suit may not testify in his own behalf or in behalf of his coparty, but that if this disqualification is removed by judicial determination, then such party is no longer incompetent. That ruling supports defendant's contention in the instant cause. But the court went much further. After holding that the trial court should have given an instruction at the close of plaintiff's evidence to find defendant Lamar not guilty it reversed the judgment of the trial court as to that defendant. The court then states (p. 163):

"The above conclusion leads us inevitably to a certain decision in this case with reference to the defend-

ant Shea. Shea called Lamar as a witness. The court refused to allow him to testify because of his interest in the case. If he had had an interest in the case, this ruling would have been correct. Where a person sues or defends in a representative capacity a party interested in the outcome of the suit may not testify in his own behalf or in behalf of his coparty as in this case; but if this disqualification is removed by judicial determination, as it should have been in this case, then such party is no longer incompetent. Lamar as a witness called on behalf of Shea was incompetent only because of an erroneous ruling of the trial court, but for which he would have been competent. 'If a witness ceases to have an interest in the result of the proceedings he is not incompetent to testify against one suing or being sued in a representative capacity.' *Ward v. Williams,* 153 Ill. App. 56. Lamar obviously would have been an important witness in this case. The defendant Shea was entitled to his version of the manner in which the collision and the death ensuing as a result thereof came about. It follows that the defendant Shea did not have that fair and impartial trial of his case which the law demands. The case as to the defendant Shea must be reversed and remanded to the circuit court of Clinton county for another trial.''

Here we have a ruling that in a suit by an administratrix if a judgment is entered in favor of one defendant it removes his incompetency to testify for the other defendant.

In the instant case we entertain no doubt that Krett at the time of the second trial was no longer a party to the action. His liability had been determined in the first trial. Plaintiff's claim for wrongful death against Krett ceased to exist after the entry of the judgment against him and that judgment became a bar and could be pleaded in any future suit by plaintiff against Krett for the wrongful death of the deceased. Plaintiff could not make Krett a party defendant in

the second trial; nor could Krett inject himself into the second trial, nor could he control in any way the proceedings upon the second trial. "Parties, in the larger legal sense, are all persons having a right to control the proceedings, to make defence, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies." (1 Greenleaf Ev., sec. 535.) This statement by Greenleaf was quoted with approval by the Supreme Court of the United States in *Green v. Bogue,* 158 U. S. 478, 503. See, also, *The Adah,* 258 Fed. 377, 381; *Feitl v. Chicago City Ry. Co.,* supra, p. 288. The contention of plaintiff that Krett remained a party to the suit because she did not dismiss the action as to him finds no support in the law. While plaintiff concedes that any interest that Krett might have in the cause would play no part in determining his competency as a witness, nevertheless, we feel impelled to say that as he was not an employee of The Willett Company at the time of the second trial it would work to his advantage if plaintiff secured a judgment against The Willett Company. Holding, as we do, that Krett at the time of the second trial was no longer a party to the action, we must further hold that the trial court erred in refusing to allow Krett to testify as a witness for defendant, The Willett Company. That the offered testimony was important to The Willett Company is not disputed.

Defendant contends that the trial court erred in denying its motion for a directed verdict in its favor made at the close of all the evidence for the reason that there was not any evidence that legally tended to show liability on the part of The Willett Company. The evidence in the second trial upon the instant question is substantially the same as the evidence that was adduced upon the first trial. In our former opinion we considered at great length the evidence that bore upon the question as to whether or not there was any evidence that legally tended to show liability on the

516

part of the Company and we came to the conclusion that there was testimony that fairly tended to prove that Krett at the time of the accident was acting within the scope of his authority as a servant and employee of defendant. We adhere to that conclusion.

For the error of the trial court in excluding the offered testimony of Krett, the judgment of the Circuit court of Cook county is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded for a new trial.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.