Faye Sawyer, Administratrix of Estate of Howard Sawyer, Deceased, Appellant, v. Joseph B. Fleming and Aaron Colnon, Trustees of Chicago, Rock Island and Pacific Railway Company, Appellees.

Gen. No. 10,282.

Opinion filed January 4, 1949.
Released for publication January 24, 1949.

CHESTER A. JACOBSON, of Leland and RICHOLSON, WILHELM & DAVIES, of Ottawa, for appellant.

HIBBS & POOL, of Ottawa, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

In February 1945, at about 2 :00 a.m. Howard Sawyer drove his car across the railroad tracks of the Chicago, Rock Island and Pacific Railway Company in the City of Ottawa at the intersection of the railroad's two main line tracks with Chestnut street. The railroad tracks run approximately east and west and Chestnut street north and south. Chestnut street is several blocks west of Columbus street, the main traveled street running north and south through the City of Ottawa. A freight train of the Rock Island company was traveling east on the south, or eastbound track when the automobile driven by Howard Sawyer ran into the side of the engine and Sawyer was killed.

Faye Sawyer, administratrix of the estate of Howard Sawyer, deceased, started a suit in the circuit court of LaSalle county, alleging that the deceased was in the exercise of due care and caution for his own safety just before, and at the time he was killed, and that through the negligent operation of its train, and a failure of the railway company to have appropriate signs or lights to guard the intersection, the defendant was killed.

The defendants denied all acts of negligence on their part and claimed that the deceased, Sawyer, was not in the exercise of due care and caution for his own safety, and that it was his negligence which was the proximate cause of the injury. The case was submitted to a jury, and at the close of the plaintiff's case, the court sustained a motion by the defendants, to direct a verdict in their favor. The court gave the instruction to find the defendants not guilty, and the jury brought in its verdict accordingly. Judgment was entered on this verdict, and the plaintiff has perfected an appeal to this court.

The appellant has assigned numerous reasons why the judgment of the trial court should be reversed, but it seems to us there is one fatal defect in the plaintiff's case; namely, that there is no proof to show that

the deceased, Howard Sawyer, was in the exercise of ordinary and reasonable care for his own safety just before, and at the time that he was killed.

It is no doubt the law, that under certain circumstances, if there is no eyewitness to an accident, the plaintiff is entitled to prove that the deceased was a person of careful and prudent habits, but the law is also well settled that if there is an eyewitness to the accident, who is tendered as a witness, the plaintiff is not entitled to prove careful habits of the deceased.

At the close of the plaintiff's case, the defendants offered two eyewitnesses, Richard Carlson, the fireman of defendants who testified at the coroner's inquest, and the head brakeman, George Gilbert, both of whom were riding on the left side of the engine at the time of the collision. Out of the presence of the jury each testified that he saw the accident, and stated how it occurred. The court then refused to let the plaintiff put in evidence, as to the careful habits of the deceased, as there were two eyewitnesses to the accident. It is insisted by the appellant that the plaintiff did not have to accept the two witnesses tendered by the defendants, as eyewitnesses, because they had been thoroughly discredited by making statements contrary to their testimony given at the time of the trial, and cite as authority for this contention, the case of *Petro v. Hines,* 299 Ill. 236 at page 239. We do not think that this case sustains their contention, as in it, we find the following: "Counsel for appellee contended that under the rule laid down in *Illinois Central Railroad Co. v. Ashline,* 171 Ill. 313, the testimony was competent if appellee could raise a substantial doubt as to whether there was actually an eyewitness, his point being that the fireman testified falsely and that he did not actually see deceased go upon the track. The rule announced in the *Ashline* case is no different from the rule announced in all other cases in this State on the subject. It was said in the *Ashline* case: 'The evidence leaves the

question in doubt whether any person saw the deceased when he was struck by the train, and when such is the case we are inclined to think the evidence admissible.' The evidence is not set out in the opinion and we are not able from the opinion to determine exactly what was meant when the court said that there was doubt whether there was an eyewitness. Whatever was meant by the language used, it did not mean that the trial court could permit evidence of habits of care and prudence to go to the jury whenever a party to a suit challenges the veracity of witnesses who testify that they saw the accident. If they have a right to challenge the veracity of one witness they would have an equal right to challenge the veracity of any number of witnesses. Appellant did not tender his witness to appellee at the time he made his objection. Granting, without deciding, that the trial court committed no error by permitting this evidence to go to the jury in the first instance, it was without question error to deny appellant's motion, at the close of all the evidence, to exclude the evidence of careful habits of deceased.''

It is our conclusion that the parties tendered as eyewitnesses at the time of the trial by the appellees, prevented the plaintiff from proving the careful habits of the deceased. Consequently, there is no evidence in the record that at the time of the collision in question, the deceased, Howard Sawyer, was in the exercise of due care and caution for his own care and safety. The court properly instructed the jury to find the defendants not guilty, and the judgment appealed from is hereby affirmed.

*Judgment affirmed.*