Ernest Hawthorne, Administrator of Estate of Robert Walter Hawthorne, Deceased, Appellant, v. New York Central Railroad Company, and John Robert Williams, John Franklin and Paul Hardenbrook, Appellees.

Term No. 54–F–7.

■■■■■■■■■■■■ ■■■■■■ Opinion filed May 10, 1954. Released for publication June 3, 1954.

FRANK BONAN, of McLeansboro, for appellant.

KERN & PEARCE, of Carmi, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of White county which followed direction of a verdict in favor of defendants, New York Central Railroad Company, a corporation, and John Franklin, the engineer on the train, and as against Ernest Hawthorne, administrator of the estate of Robert Walter Hawthorne, deceased.

The action arose by reason of a suit filed by the administrator for damages occasioned by the death of Robert Walter Hawthorne, and the loss of the automobile of the deceased. The complaint originally was filed against the Railroad and certain employees of the train crew, including the fireman, the conductor, and the engineer. The complaint charged that the defendants had been guilty of negligence, which in essence charged excessive speed, failure to ring a bell at a crossing, failure to blow a whistle at a crossing, and permitting brush and vegetation to grow on the right-of-way to obstruct visibility.

On the trial of the case plaintiff offered evidence as to the location and condition of the crossing. The only evidence on the question of due care of the deceased was established by evidence of reputation of the deceased as to careful habits, on the theory that there were no eyewitnesses. At the close of the evidence by

339

the plaintiff, the defendants filed separate motions, praying dismissal of the three members of the train crew on the basis of the contention that there was no evidence to establish any negligence as to them. The motions as to the fireman, John Robert Williams, and the conductor, were granted, but the motion as to the engineer was denied. After the court granted the motion dismissing the fireman from the case, the defendant Railroad and the defendant engineer tendered the fireman as an eyewitness, and moved that the evidence as to the reputation of the decedent as to careful habits be stricken. The trial court hearing the evidence which the fireman proposed to give, in absence of a jury, found him in fact to be an eyewitness and also found that since he had been dismissed from the action he was competent to testify. The court thereupon granted the motion to exclude the evidence as to reputation for careful habits. Plaintiff refused the tender of the eyewitness and defendants then moved for a directed verdict on the ground there was no evidence to support the allegations in the complaint that plaintiff's intestate was in the exercise of due care and caution for his own safety and the safety of his property. Ruling on such motion was reserved until the close of all the evidence for the defendants, and at that time the court granted the motion and directed a verdict in favor of the defendants.

On appeal in this court it is contended by the plaintiff that since the defendants were joint tort-feasors, the trial court erred in dismissing certain defendants, and in permitting one of the defendants to testify as an eyewitness, and consequently erred in directing a verdict as against the plaintiff. Defendants, however, contend that while it is permissible for plaintiff to join the train crew and members thereof as defendants, the failure to show any breach of duty or negligence on part

340

of any individual member of the train crew entitles such defendant to a dismissal, and if such dismissal occurred while the trial was proceeding, the defendant then became a competent witness.

██ In all actions of the character before us it must be alleged and proven that the plaintiff's intestate was in the exercise of due care and caution for his own safety and that of his property at and immediately prior to the time of the accident in question (*Prater v. Buell*, 336 Ill. App. 533, 535; *Follett v. Illinois Central R. Co.*, 288 Ill. 506, 513). Testimony relating to the habits of the deceased and tending to show that he was a careful man would be admissible as tending to show that the deceased exercised due care on the occasion of the fatal accident where there were no eyewitnesses. If, however, there are one or more eyewitnesses to the accident, such testimony is not admissible (*Sawyer v. Fleming*, 336 Ill. App. 268, 271; *Hughes v. Wabash R. Co.*, 342 Ill. App. 159, 165).

██ While it is true that under the provisions *of* section 2, chapter 51, 1953 Illinois Revised Statutes [Jones Ill. Stats. Ann. 107.068], a party interested in the outcome of a case brought by an administrator may not testify in his own behalf or in behalf of a co-party, such disqualification may be removed by judicial determination, such as dismissal or directed verdict (*Wuebbles v. Shea;* 294 Ill. App. 157, 163; *Webb v. Willett Co.*, 309 Ill. App. 504). In the case of *Wuebbles v. Shea, supra,* the court stated in part (at page 162), ". . . in order to warrant a recovery, there would have to be some conduct on the part of Lamar which in some manner contributed towards the death . . . In our judgment the trial court should have given the instruction at the close of plaintiff's evidence to find the defendant Lamar not guilty. . . . Shea called Lamar as a witness. The court refused to allow him to testify be-

cause of his interest in the case. If he had had an interest in the case, this ruling would have been correct. . . . Lamar as a witness called on behalf of Shea was incompetent only because of an erroneous ruling of the trial court, but for which he would have been competent. 'If a witness ceases to have an interest in the result of a proceeding he is not incompetent to testify against one suing or being sued in a representative capacity.' " It is thus apparent that the dismissal of the fireman as a party defendant at the close of plaintiff's evidence was proper, and that upon his dismissal his interest in the proceeding terminated by judicial determination and he was then competent to testify as an eyewitness. In *Webb v. Willett Co., supra,* the court also expressly found that where the alleged servant was no longer a party to the action, judgment having been entered against him, he was therefore competent to testify in a suit brought by the administrator.

██ ██ In the instant case, until after the plaintiff's evidence was concluded, it could not be know whether a case would be made out as against certain of the train crew defendants. They were incompetent during that portion of the trial. Since the only eyewitness in the case, the fireman, was incompetent it was proper for plaintiff to introduce evidence of careful habits of the deceased. After the plaintiff had closed his case, however, it was apparent that no case had been made out as against the fireman, and his motion for a directed verdict as to him was properly sustained. He then became a competent witness and was at once tendered as an eyewitness. After the court determined in fact he could testify as an eyewitness, plaintiff refused the tender of the eyewitness. Under the circumstances the evidence of careful habits could not be considered and there was no proper evidence in the record to establish

342

due care and caution on part of decedent. The direction of the verdict in favor of the remaining defendants, under the facts and circumstances in the record, was justified, and the judgment of the circuit court of White county should be affirmed.

*Affirmed.*

SCHEINEMAN, P. J. and BARDENS, J., concur.