William D. Gillson, as Administrator of the Estate of Bonnie Delores Gillson, Deceased, Plaintiff-Appellee, v. Gulf, Mobile and Ohio Railroad Company, a Corporation, Defendant-Appellant, Edwin S. Parker, Thomas Butler, and Village of Hartford, Illinois, a Municipality, Defendants.

Gen. No. 67–76.

Fifth District.

April 12, 1968.

Rehearing denied May 6, 1968.

171

Gillespie, Burke & Gillespie, of Springfield, and John W. Hoefert, of Alton, for appellant.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellee.

GOLDENHERSH, J.

Gulf, Mobile and Ohio Railroad Company, hereafter referred to as defendant, appeals from the judgment of the Circuit Court of Madison County entered on a jury verdict in the amount of $28,000 for the wrongful death of Bonnie Delores Gillson, 17-year-old daughter of the plaintiff administrator.

The decedent was killed in a collision between an automobile in which she was riding as a passenger, and defendant's train known as the Abraham Lincoln. The collision occurred at approximately 9:30 p. m. on January 21, 1965, at the Rand Avenue Crossing in Hartford, Illinois.

In its verdict the jury found the issues for the plaintiff and against the defendant, Gulf, Mobile and Ohio Railroad Company, and in favor of the defendants, The Village of Hartford, Edwin S. Parker and Thomas Butler, respectively engineer and fireman on the locomotive involved in the collision.

Defendant contends, as its first ground for reversal, that the court erred in permitting plaintiff's counsel in opening statement, over repeated objections, to refer to, discuss, and read from certain documents, which when offered in evidence, were held to be inadmissible. De-

fendant argues that plaintiff's counsel knew the documents to be inadmissible, and the references to them were made in bad faith for the purpose of presenting to the jury matters prejudicial to defendant. Defendant contends that counsel's misconduct deprived it of a fair trial, and the trial court's rulings on its objections, motion for mistrial, and post-trial motion were erroneous.

Plaintiff argues that the documents were admissible, the trial court erred in excluding them; assuming arguendo, that the trial court correctly held them to be inadmissible, defendant was not prejudiced by what occurred during the opening statement, and the trial court, in denying defendant a new trial, did not abuse its discretion.

The documents in question were excerpts of minutes of meetings of the village board of the defendant, Village of Hartford, held on September 1, 1931, February 7, 1933, and January 28, 1965, a letter dated July 13, 1937, written by the Superintendent of Streets and Alleys of the defendant, Village of Hartford, to the defendant, and a letter dated July 21, 1950, written by an employee of defendant to his superior.

Plaintiff contends that the excerpts from the minutes of the village board and the letter written by its Superintendent of Streets and Alleys are admissions of the defendant Village, and therefore, admissible. As to the letter written by defendant's employee, plaintiff argues that it constitutes an admission on the part of defendant, and further, contains admissions made by the defendant Village.

An examination of the latter document shows that it contains no admissions against interest by either defendant, and the court correctly held it to be inadmissible.

With respect to the remaining documents we need not decide whether they contain admissions of the defendant Village, for the reason that if, as contended by plaintiff,

173

they are admissions, they are not relevant to any issue in this case.

It is plaintiff's theory that the documents contain admissions on the part of the defendant Village that the crossing is an extrahazardous one, and show that the village recognized the necessity for the installation of flashing warning lights, or providing a watchman at the crossing.

To be admissible, admissions against interest, like other evidence, must be relevant to the issues. Maltby v. Chicago Great Western Ry. Co., 347 Ill App 441, 106 NE2d 879. Chapter 111⅔, § 62, Ill Rev Stats, confers upon the Illinois Commerce Commission the exclusive authority to order that flashing warning lights be installed, or that a watchman be provided, at crossings, City of Altamont v. Baltimore & O. R. Co., 348 Ill 339, 180 NE 809. Assuming that the defendant Village recognized and admitted the crossing to be extrahazardous, no liability can stem from its failure to instal flashing signals or provide a watchman. Resnik v. Michaels, 52 Ill App2d 107, 201 NE2d 769. Since the statements, even if admitted and not controverted, would not impose liability upon the defendant Village, they were not relevant to the issue of liability, and the trial court correctly excluded them.

We consider next defendant's argument that counsel's comments during opening statement were so prejudicial as to effectively deprive it of a fair trial. With respect to defendant's contention that plaintiff's counsel acted in bad faith, this court, in reaching its decision that the documentary evidence was properly excluded, examined the many authorities cited in the briefs and a number of cases found in its own research, and concludes that the issue is not so easily determined as defendant contends. Upon our review of the record we are not prepared to say that counsel acted in bad faith.

Defendant's contentions with respect to the prejudicial effect of counsel's comments, and its charge of error in the denial of a new trial, must be reviewed in the same manner as are alleged errors in rulings on arguments of counsel. In Wells v. Gulf, Mo. & O. R. Co., 82 Ill App2d at page 30, 226 NE2d 662, this court said at page 34: "The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in Belfield v. Coop, 8 Ill2d 293, 134 NE2d 249. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion vested in him. North Chicago St. R. Co. v. Cotton, 140 Ill 486, 29 NE 899. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. City of Chicago v. Chicago Title & Trust Co., 331 Ill 322, 163 NE 17."

The record shows that the court gave an instruction in the language of IPI 1.01, and that plaintiff's counsel, in the opening statement stated that the jury were not to consider his remarks as evidence, and should disregard any statement not supported by the evidence. Upon examining the record in the light of the above stated rule, we find that the trial court did not abuse its discretion in denying defendant's motions for a mistrial and new trial.

The evidence shows that the automobile in which plaintiff's decedent was a passenger, was being driven in a westerly direction on Rand Avenue. Rand Avenue is intersected by three tracks. The most easterly track is a

175

spur which runs in a northerly and southerly direction, and serves the premises of a tannery which was not in operation at the time of the occurrence. Approximately 350 feet west of and parallel to the spur track, is the track of the New York Central Railroad. Defendant's track is approximately 60 feet west of and parallel to, the New York Central Track. The Abraham Lincoln was being operated on defendant's track in a southerly direction by defendant, Edwin S. Parker, the engineer, and riding in the cab at that time was the defendant, Thomas Butler, defendant's fireman.

At the close of plaintiff's case defendant tendered Thomas Butler as an eyewitness. It contends the record shows him to be an eyewitness to the occurrence, that the testimony with respect to decedent's careful habits should have been stricken, and the record contains no admissible evidence of the due care of plaintiff's decedent.

In the course of defendant's case, Butler was twice called as its witness. In an offer of proof made by interrogation of Butler out of the presence of the jury, the witness testified that he had seen the automobile in which plaintiff's decedent was riding when it was 400 feet east of the crossing and again when it crossed the New York Central tracks. He stated that at that point, the automobile was traveling 40 miles per hour, and he continued to observe it up to the time of impact.

Plaintiff, citing Turnbull v. Porter, 55 Ill App2d 374, 206 NE2d 97, contends that the testimony shows the movement of the automobile but not the actions of the occupants, that negligence of the driver, if any, is not imputable to the decedent, and the court did not err in its ruling. We have examined Wuebbles v. Shea, 294 Ill App 157, 13 NE2d 646, and Hawthorne v. New York Cent. R. Co., 2 Ill App2d 338, 119 NE2d 516, cited by defendant, and find them distinguishable in that the decedent in each instance was the driver of the automobile,

and conclude that there was no error in the court's rulings.

Defendant contends that the trial court erred in refusing to allow Butler to testify concerning matters testified to by the defendant, Parker, on the ground that he was incompetent under the provisions of section 2 of the Evidence Act (c 51, § 2, Ill Rev Stats 1965).

Defendant's claim of error is based on two grounds, the first being that there is no evidence of negligence on the part of Butler, and the court should have directed a verdict for him at the close of plaintiff's case, thus terminating any incompetence by virtue of the Evidence Act.

Defendant, Parker, when called by plaintiff under section 60 of the Civil Practice Act (c 110, Ill Rev Stats), testified that the defendant, Butler, was seated on the left or east side of the cab, it was his duty to watch the crossings and warn him of hazards, and that no warning was given. Defendant argues that Parker's testimony shows that the train's whistle, horn and bell were turned on as the engine reached the whistle post, a quarter-mile north of the crossing, and his testimony as to the distance required to stop the train clearly establishes that had Butler seen the automobile at any point within the quarter-mile from the whistle post to the crossing, the train could not have been stopped in time to avoid the collision. Parker testified that had Butler called out a warning he could not have heard it because of the noise of the whistle, horn and bell. Defendant contends that the evidence demonstrates that Butler's alleged failure to keep a lookout or call out a warning could not be the proximate cause of the collision.

Defendant cites Hawthorne v. New York Cent. R. Co., 2 Ill App2d 338, 119 NE2d 516; Shaw v. Chicago & E. I. R. Co., 332 Ill App 285, 75 NE2d 51, and Bossert v. Wabash Railroad, 338 Ill App 488, 87 NE2d 859, in support of its argument that the trial court erred in refusing to

direct a verdict for Butler. In Hawthorne the opinion does not set forth the evidence against the defendant fireman, Williams. In Shaw the evidence showed that the fireman, immediately prior to the collision, was stoking the fire, and the case is further distinguishable in that the fireman was not named a party defendant, and unlike the defendant, Butler, was not specifically charged with failure to keep a proper lookout. In Bossert, the testimony shows that the engineer and fireman were both looking out of the windows of the cab of the engine, both saw the plaintiff's tractor shortly after passing the whistle post, and the train could not be stopped in time to avoid the collision.

Whether the trial court erred in refusing to direct a verdict for Butler must be determined upon the standard set in Pedrick v. Peoria & Eastern R. Co., 37 Ill 2d 494, 229 NE2d 504. Applying the rule of Pedrick we hold that the trial court correctly refused to direct a verdict for defendant, Butler.

Defendant contends that because of plaintiff's interrogation of Parker under section 60 of the Civil Practice Act, Butler was rendered competent to testify as to the occurrence matters to which Parker testified. Defendant argues that plaintiff, by his interrogation of Parker waived the bar of the Evidence Act, and further, that Butler should have been allowed to rebut Parker's testimony concerning Butler's conduct before the occurrence. We have searched the record and find that in Butler's testimony the only question to which an objection was sustained on the basis of the Evidence Act was whether the whistle was on immediately following the collision. We fail to see in what manner defendant was prejudiced by that ruling, and the error, if any, was harmless.

We have examined defendant's offer of proof made by interrogation of Butler outside the presence of the jury. The record clearly reflects that the offer of proof was

made for the limited purpose of showing that Butler was an eyewitness. We find no offer of the evidence for any other purpose, nor any ruling by the court on any such offer of proof. In the absence of a ruling by the trial court, there is no basis for review of the alleged error.

For the reasons set forth the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.