(No. 41461.—

WILLIAM D. GILLSON, Admr., Appellee, *vs.* THE GULF,
MOBILE AND OHIO RAILROAD Co., Appellant.

*Opinion filed March 27, 1969.*

GILLESPIE, BURKE & GILLESPIE, of Springfield, and
JOHN W. HOEFERT, of Alton, (LOUIS F. GILLESPIE, GEORGE
B. GILLESPIE, and ROBERT E. GILLESPIE, of counsel,) for
appellant.

HOAGLAND, MAUCKER, BERNARD & ALMETER, of Alton,
(JAMES K. ALMETER, of counsel,) for appellee.

194

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, William Gillson, as administrator of the estate of Bonnie Gillson who was killed in an auto-train collision, brought a wrongful death action against the Gulf, Mobile and Ohio Railroad Company, the engineer Edwin S. Parker, the fireman Thomas Butler, and the village of Hartford in the circuit court of Madison County. A jury returned a verdict against the railroad (hereinafter, defendant) in the amount of $28,000 and found the issues in favor of the other three defendants. The defendant appealed to the Fifth District Appellate Court which affirmed. (94 Ill. App. 2d 170.) We granted leave to appeal.

The accident involving the automobile, in which decedent was riding as a passenger, and the defendant's train occurred at approximately 9:30 P.M. on January 21, 1965, at the Rand Avenue crossing in Hartford, Illinois.

Although there were other contentions urged before the appellate court, defendant appeals here on the sole ground, all others being waived in oral argument, that the court erred in permitting plaintiff's counsel in opening statement, over repeated objections, to refer to, discuss, and read from 5 documents, 4 of which when offered into evidence were held to be inadmissible, and the offer of the 5th withdrawn. Defendant argues that plaintiff's counsel knew the documents to be inadmissible, and that his references to them were made in bad faith and for the purpose of improperly acquainting the jury with matters prejudicial to defendant. Plaintiff contends the documents were admissible, and the trial court erred in excluding them, and that, in any event, plaintiff was not prejudiced by their admission or the opening statements complained of.

The portions of the opening statement relevant to our opinion read as follows:

"MR. ALMETER: On July 13, 1937, I think the evi-

dence will show, Mr. Otto Schlieper, who was then Superintendent of the Street and Alley Committee of Hartford, wrote a letter to the Gulf, Mobile & Ohio and advised that in his opinion, that is in his official opinion as the Streets and City's Commissioner of Hartford, that in his opinion this crossing was hazardous and needed warning lights.

I anticipate the evidence to show on July 3, 1950, the Chief Engineer of the Illinois Commerce Commission addressed correspondence to the New York Central, to the GM&O, and to the Village of Hartford saying they had received complaints that this crossing was dangerous——

MR. HOEFERT: I make one more objection and ask that it be considered by the Court as a continuing objection to this line of argument.

THE COURT: Overruled. And the continuing objection to counsel's argument will be shown for the record.

MR. ALMETER: I expect the evidence to show that on July 21, 1950, after the Illinois Commerce Commission wrote them, I expect the evidence to show that there was a meeting between the New York Central, the Gulf, Mobile & Ohio people, someone from the Illinois Commerce Commission, and from the Village of Hartford. In that meeting, it was agreed that warning signals should be put up. And it was suggested to the Mayor, who was the representative of the Village of Hartford, that the Mayor go to the Council and put, and that Hartford put up warning signals. And that the railroads would thereafter maintain them. Nothing was done.

I anticipate the evidence will show that on January 28, 1965, that is three days, four days—Well, six days after the accident, or seven, but the Village Council of Hartford passed a resolution, an official act of the Village in Council on which, I believe the evidence will show, there was unanimous——

Mr. Coppinger: I object to this as being subsequent to the incident in question.

Mr. Almeter: I haven't finished yet, Your Honor.

The Court: Objection will be noted.

Mr. Almeter: * * *

*And I expect the evidence to show that the only reason that adequate warning signs, and adequate warning system has not been put here is that these railroads and this village could not get together on who should pay for it. And they have been all fighting about money. And, as a result, nobody did anything.*

*I anticipate the evidence will show that what these parties saved in money, these girls paid for with their lives."* (Emphasis supplied.)

In order to accurately appraise these comments, it is significant to note that following the selection of the jury and prior to the opening statement a discussion of the admissibility of these documents had apparently been held by the court and counsel. This, in our opinion, is the fair import of the trial judge's comment made in connection with the defendant's motion for a mistrial at the conclusion of the opening statements: "The Court: The Court is highly concerned about opening statements of plaintiff's counsel, especially after the conference between Court and counsel yesterday after the selection of the jury when this whole matter was discussed between the Court and counsel for the parties. The Court will reserve its ruling on the Motion for Mistrial at this time." It is also pertinent to note that in the course of the hearing outside the presence of the jury on the objections of defendant to plaintiff's exhibits, plaintiff's counsel vigorously urged his right to make his offers of evidence and have defendant's objections thereto made in the presence of the jury.

The opening statement is intended generally to inform the jurors concerning the nature of the action and the issues involved and to give them an outline of the case so that they

can better understand the testimony. (*People v. Hamilton,* 268 Ill. 391, 396; *Pietsch v. Pietsch,* 245 Ill. 454, 457.) Counsel may summarily outline what he expects the evidence admissible at the trial will show (53 Am. Jur. Trial, par. 454; 88 C.J.S. Trial, par. 161), but no statement may be made in opening which counsel does not intend to prove or cannot prove. *Colmar v. Greater Niles Township Publishing Corp.,* 13 Ill. App. 2d 267, 274.

Plaintiff argues that one of the documents, apparently a copy of a letter by the railroad's employee to his superior, is admissible as an admission by a party opponent. Although statements made out of court by a party opponent are admissible against him (IV Wigmore, Evidence, 3d ed., par. 1048) plaintiff seems to ignore the additional requirement that admissions must nevertheless be *relevant* to trial issues. (*Nelson v. Union Wire Rope Corp.,* 31 Ill.2d 69, 115; *Maltby v. Chicago Great Western Railway Co.,* 347 Ill. App. 441.) The contents of the letter in question related to a meeting of public and railroad officials where apparently the question discussed was: If an automatic warning device is to be placed at the Rand Avenue crossing, who should pay for its installation? No part of the letter could be considered as an admission by the railroad that the crossing was in fact dangerous, or that it had a duty to erect such a device. We agree with the appellate court that the document was not relevant and was therefore properly excluded. Presumably, this letter was the basis for counsel's opening statement comment: "In the meeting, it was agreed that warning signals should be put up." It is clear that the letter contains no statement or agreement by defendant that signals should be put up. The remarks of counsel were made without apparent regard for the actual content of the letter and were clearly improper.

Plaintiff contends that the excerpts from the minutes of the village board meetings and the letter written by the secretary of its Street and Alley Committee are admissions

of defendant village, and therefore admissible. The appellate court did not reach this question for it concluded that even if the documents were admissions, they were inadmissible as irrelevant to any issue in the case. The appellate court stated: "It is plaintiff's theory that the documents contain admissions on the part of the defendant village that the crossing is an extrahazardous one, and show that the village recognized the necessity for installation of flashing warning lights, or providing a watchman at the crossing." 94 Ill. App. 2d at 174.

We cannot agree with that court's view of plaintiff's theory of recovery against the village. Count II of plaintiff's original complaint did allege that the village, even though it recognized their necessity, failed to install flashing warning lights, or to provide a watchman at the crossing. However, plaintiff amended his complaint by removing these allegations from count II and inserting allegations that the village knew or should have known of the dangerous condition of the crossing; that, having been put on notice of the dangerous condition by previous accidents, it was negligent in erecting a street lamp for the purpose of illuminating the crossing when it should have known that the lamp was improperly located and of insufficient power for that purpose; and that in fact the lamp created an additional hazard at the crossing. The village denied these allegations in its answer. An admission by the village that the crossing was extra hazardous would be relevant to the issue of whether the street lamp placed by the village created an additional hazard.

The document in question, dated July 14, 1937, appears to be a copy of a letter apparently written by Otto Schlieper, secretary of the Street and Alley Committee, refers to the crossing in question and states: "This is a very hazardous crossing and really needs something to protect the public." Although this statement is an admission against the village of Hartford, and relevant to an issue, this document was

properly excluded by the trial court. The difficulty lies in the absence of an adequate foundation for its use as secondary evidence. To introduce secondary evidence of a writing, a party must first prove prior existence of the original, its loss, destruction or unavailability; authenticity of the substitute and his own diligence in attempting to procure the original (*Gross* v. *Estate of Thornson,* 286 Ill. 185, 192-93; 18 ILP, Evidence, sec. 101); this requirement is no less applicable when the writing is offered as an admission. (*Fushanis* v. *Poulos,* 85 Ill. App. 2d 114.) No such proof or offer thereof was made in this case, and the trial court correctly excluded the copy. Counsel's reference to the opinion of the writer of the letter that "the crossing was very hazardous" appears to have been made with some awareness of the evidentiary problem, for when the document was offered and objected to as barred by the best-evidence rule, plaintiff's counsel recognized its inadmissibility and made no offer to lay a proper foundation. Counsel's further reference in his opening statement to the writer's opinion that "This crossing * * * needed warning lights" was particularly improper, for, as discussed above, this was irrelevant to the specific charge against the village and thus inadmissible against it; likewise it was inadmissible as hearsay, opinion evidence against the other defendants.

It is unnecessary, in view of our reversal, to discuss the two excerpts from the minutes of the village board meetings since the village will not be a party to the retrial and the excerpts from its board meetings will be unusable. We do not, however, consider the existence of a debatable question as to their admissibility to be justification for counsel's comments regarding other clearly inadmissible evidence.

The fifth questioned document commented upon in plaintiff's opening statement apparently consisted of correspondence dated July 3, 1950, from the Chief Engineer of the Illinois Commerce Commission addressed to the New York Central and Gulf, Mobile and Ohio railroads, and to the

village of Hartford. The offer of this material into evidence was withdrawn by counsel.

If it is prejudicial error to offer incompetent evidence and then to comment to the jury regarding its contents after the court has ruled it inadmissible (*Forest Preserve District v. Alton Railroad Co.*, 391 Ill. 230, 235-36; *Owen v. Willet Truck Leasing Corp.*, 61 Ill. App. 2d 395, 403-04; *Jacobson v. National Dairy Products Corp.*, 32 Ill. App. 2d 37, 42-44; *Paliokaitis v. Checker Taxi Co.*, 324 Ill. App. 21, 26), the prejudice is no less when counsel first relates the contents of inadmissible documents in opening statement with apparent disregard of their subsequent inadmissibility.

However, we need not base this decision solely on the references in the opening statement to documents of questionable admissibility. During that statement, after relating the contents of the documents discussed above, plaintiff's counsel stated as follows: "And I expect the evidence to show that the only reason that adequate warning signs, and adequate warning system has not been put here is that these railroads and this village could not get together on who should pay for it. And they have been all fighting about money. And, as a result, nobody did anything. I anticipate the evidence will show that what these parties saved in money, these girls paid for with their lives." Counsel did not prove these statements nor does it appear he possessed any admissible evidence supporting them.

While the trial court ordered this last remark stricken and instructed the jury to disregard it, these inflammatory comments when added to statements relating the contents of inadmissible documents are, in our judgment, so obviously prejudicial that the impression conveyed to the jury could not be adequately removed by the trial court's admonition. In our opinion this conduct deprived defendant of a fair trial and necessitates remandment. *Underwood v. Pennsylvania Railroad Co.*, 34 Ill.2d 367, 371; *McCarthy v. Spring Valley Coal Co.*, 232 Ill. 473, 479.

The jury verdict against the railroad and in favor of its employees and the other defendants indicates that liability was predicated upon a finding that the railroad was negligent in maintaining a dangerous crossing without an adequate warning system. It was precisely to these subjects that counsel's improper remarks were directed, and, since the thrust of the impropriety was directed at the only logical explanation of the jury's verdict, the interests of justice require this cause to be retried.

The decisions of the trial and appellate courts are reversed and the cause is remanded to the circuit court of Madison County for a new trial.

*Reversed and remanded.*